**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0397, <u>Josephine Amatucci v. Jared Welman & a.</u>, the court on January 8, 2016, issued the following order:**

The plaintiff's motion to file with this court the motion for reconsideration that she filed in the superior court is granted. Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Josephine Amatucci, appeals orders of the Superior Court (<u>Garfunkel</u> and <u>Temple</u>, JJ.) dismissing her complaint against the defendants, the towns of Wakefield and Wolfeboro, the New Hampshire Attorney General, the Chief of Police for the town of Wolfeboro, Shane Emerson, Dean Rondeau, Richard Tracey, and Jared Welman, and denying her motion to amend her complaint. The trial court determined that each of the claims pleaded in the complaint either failed to state a claim upon which relief may be granted, or was barred under the doctrine of res judicata by final judgments rendered by the United States District Court for the District of New Hampshire. The trial court further determined that the plaintiff's proposed amended complaint failed to cure the defects identified by the trial court in dismissing her claims. On appeal, we construe the plaintiff's brief to argue that the trial court erred by finding that her "<u>Monell</u>" claim, <u>see</u> <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658 (1978), which she asserted against the town of Wolfeboro, was barred by res judicata because she had based it upon an event that had not yet occurred when she filed the relevant federal lawsuit.

At the outset, we note that the trial court dismissed numerous other claims that the plaintiff had asserted against several defendants in addition to the town of Wolfeboro and the individual defendants associated with it. However, the plaintiff has not fully developed any argument in her brief other than her argument that the trial court erred by dismissing the <u>Monell</u> claim on res judicata grounds. Accordingly, we deem all challenges to the trial court's dismissals other than the plaintiff's challenge to the dismissal of the <u>Monell</u> claim to have been waived. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

The doctrine of res judicata prevents parties from relitigating matters that were litigated, or could have been litigated, in a prior action. <u>Gray v. Kelly</u>, 161 N.H. 160, 164 (2010). To apply, three elements must be met: (1) the parties are the same as, or are in privity with, parties in the prior case; (2) the

"cause of action" before the court is the same cause of action that was before the court in the prior case; and (3) the first action ended with a final judgment on the merits. Id. The term "cause of action" refers to all legal theories on which relief could be claimed based upon the factual transaction at issue, regardless of the theory of recovery actually pleaded. Id. at 165. Application of res judicata in a particular case is a question of law that we review de novo. Sleeper v. Hoban Family P'ship, 157 N.H. 530, 533 (2008).

In this case, the plaintiff alleges that on August 21, 2013, after Welman, an off-duty Wakefield police officer, reported seeing someone driving erratically in Wolfeboro, Rondeau, a lieutenant for the Wolfeboro police department, identified the car as belonging to the plaintiff, and reported the incident to the New Hampshire Department of Safety (department). According to the plaintiff, she was nowhere near Wolfeboro at the time of the incident, and Rondeau's report contained false information regarding her driving record. As a result of Rondeau's report, the department took steps to retest the plaintiff for her driver's license. Ultimately, however, the plaintiff persuaded the department not to retest her. The plaintiff claims that Rondeau's actions were in retaliation for prior complaints she had made regarding alleged police misconduct.

On October 13, 2013, the plaintiff filed suit against the town of Wolfeboro in the United States District Court for the District of New Hampshire (first federal suit). In her complaint, the plaintiff asserted a Monell claim against the town regarding the August 21 incident, alleging that the town maintained a de facto policy to impede the investigation of police misconduct, and that the town, pursuant to that policy, had deprived her of due process through Rondeau's actions on August 21. On April 7, 2014, the plaintiff filed a second lawsuit in New Hampshire Federal District Court against the Wolfeboro Police Department, the Wakefield Police Department, Rondeau, and Welman, again alleging that the defendants had deprived her of due process through the actions of Rondeau and Welman on August 21 (second federal suit).

The plaintiff alleges that on May 7, 2014, she met with the Chief of Police for the town of Wolfeboro to complain about Rondeau's actions with respect to the August 21 incident. During this meeting, the plaintiff alleges that the police chief became angry and threatened that if she ever accused any of "his men" of misconduct again, he would come after her and have her arrested. After the plaintiff left this meeting and began to drive to the sheriff's office in order to report the police chief's threat, the police chief pursued the plaintiff in his cruiser, and had her stopped, arrested, and incarcerated for speeding. According to the plaintiff, she was not speeding, and the police chief's actions were in retaliation for her allegations of police misconduct.

On May 13, 2014, the plaintiff filed a supplement to her complaint in the first federal suit. In that supplement, which she captioned, "Monell Claim," she described in detail the May 7 incident, asserting that the police chief's

actions were in retaliation for her request to have Rondeau's August 21 actions investigated, and that the police chief's actions deprived her of due process.

On May 19, 2014, the federal court issued an order upon its preliminary review of the second federal suit, see 28 U.S.C. § 1915(e) (2012), concluding that the plaintiff had asserted no federal claim upon which relief could be granted, and allowing the plaintiff thirty days in which to amend her complaint to assert a plausible federal claim. On June 26, 2014, after the plaintiff failed to file an amended complaint, the federal court dismissed the second federal suit for failure to state a claim upon which relief may be granted.

On June 16, 2014, the federal court issued an order upon its preliminary review of the first federal suit pursuant to § 1915(e). In that order, the federal court stated that it had reviewed both the complaint and several addenda that the plaintiff had filed, including the May 13, 2014 supplement to the complaint, which the court had docketed as document number 13. The federal court dismissed the first federal suit, concluding that the plaintiff had "failed to state any plausible claim for relief in the complaint (doc. no. 1) and the complaint addenda (doc. nos. 7, 9, and 13)."

The plaintiff filed the present suit in August 2014. In her complaint, she asserted a Monell claim against the town of Wolfeboro, alleging that the town had a de facto policy not to address police misconduct, with an attendant "code of silence" within the police department to protect officers from claims of misconduct. The plaintiff asserted that, in retaliation for her allegations of police misconduct, the police chief deprived her of her First, Fourth, and Fourteenth Amendment rights when he threatened to arrest her for accusing "his men" of misconduct, falsely accused her of speeding, and incarcerated her on the false speeding charge on May 7, 2014. She also asserted a separate claim alleging that Rondeau had deprived her of due process through his actions on August 21, 2013. The trial court dismissed both claims, concluding that they were barred by the federal court's decisions dismissing the first and second federal suits. The trial court subsequently denied the plaintiff's motion to amend, in which she clarified that her Monell claim was based upon the police chief's actions on May 7, 2014, concluding that the proposed amended complaint did not cure the defects in the original complaint. This appeal followed.

We conclude that, as a matter of law, res judicata bars the plaintiff's Monell claims based either upon the August 21 incident or upon the May 7 incident. Although the plaintiff may have filed the federal suits prior to May 7, 2014, and although the trial court incorrectly construed the plaintiff's complaint in this case as asserting a claim based solely upon the August 21 incident, the federal court record unequivocally establishes that: (1) the plaintiff asserted a Monell claim against the town of Wolfeboro based upon a de facto policy not to investigate allegations of police misconduct; (2) the plaintiff

3

supplemented her complaint in the first federal suit on May 13, 2014, asserting the facts of the May 7, 2014 incident, claiming that the police chief's actions were retaliatory and deprived her of federal due process, and tying that incident to her <u>Monell</u> claim; and (3) the federal court considered the allegations in <u>both</u> the complaint and the May 13, 2014 supplement, and concluded that they failed to state any plausible claim for relief.

Accordingly, the federal court record demonstrates that the plaintiff in fact asserted a <u>Monell</u> claim against the town of Wolfeboro based upon the events of May 7, 2014 in federal court, and that the federal court dismissed that claim on the merits. Under these circumstances, we conclude that, as a matter of law, the elements of res judicata were satisfied, and that the trial court did not err by dismissing the claim.

Any remaining arguments that the plaintiff may be asserting in her brief are either not fully developed, <u>see</u> <u>Blackmer</u>, 149 N.H. at 49, or otherwise do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993). Arguments raised for the first time in the plaintiff's reply brief are waived. <u>See</u> <u>Panas v. Harakis & K-Mart Corp.</u>, 129 N.H. 591, 617-18 (1987).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

4