# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0386, <u>In re Estate of Earle K. Fox, Jr.</u>, the court on March 18, 2016, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The appellant, Earle K. Fox, III, appeals an order of the Circuit Court (<u>Quigley</u>, J.) denying his motion to reopen the estate of the decedent, Earle K. Fox, Jr. We construe the appellant's brief to contend that: (1) the executrix provided an incomplete inventory of the estate's assets; (2) the executrix violated her fiduciary duty to the decedent pursuant to a power of attorney by accepting a deed to real estate from the decedent approximately one year before his death; and (3) the trial court erred in denying the motion to reopen the estate.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues that he is raising and to demonstrate that he raised those issues in the trial court. <u>Id</u>. The trial court's decisions are final and all appeals are deemed waived unless a notice of appeal has been filed within the time allowed. <u>Prob. Div. R.</u> 74. These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

To the extent that the appellant argues that the executrix violated her fiduciary duties under a power of attorney and that she failed to correctly inventory the decedent's property, the record before us does not demonstrate that these issues were raised in the trial court. <u>See</u> <u>Bean</u>, 151 N.H. at 250. On the contrary, the record includes the appellant's consent to the executrix's first and final accounting. Furthermore, the record does not reflect that the issue relating to the accounting was timely appealed. To the extent that the appellant argues that the trial court erred in denying his motion to reopen the estate, he has not developed that argument, and we decline to address it. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
