# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0562, <u>State of New Hampshire v. Josephine Amatucci</u>, the court on April 29, 2016, issued the following order:**

We decline to grant relief pursuant to the pleadings that the defendant, Josephine Amatucci, has filed after she filed her reply brief on March 16, 2016, because, to the extent that we understand them, they raise issues that are not properly before us.

Having considered the brief filed by the defendant, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals the finding by the Circuit Court (<u>Patten</u>, J.) that she is guilty of the class B misdemeanor charge of disobeying an officer. <u>See</u> RSA 265:4 (2014) (classifying the crime of disobeying an officer as a class A misdemeanor); <u>see</u> <u>also</u> RSA 625:9, VII (Supp. 2015) (providing that the State may elect to prosecute a class A misdemeanor as a class B misdemeanor). We affirm.

"[I]n the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) (quotation omitted). We also will not review arguments that the defendant did not raise in her notice of appeal. <u>See</u> <u>id</u>. Although we understand that the defendant is self-represented in this proceeding, we hold self-represented parties to the same procedural rules that govern parties represented by counsel. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006).

Moreover, as the appealing party, the defendant has the burden of providing this court with a record sufficient to decide her issues on appeal, as well as to demonstrate that she raised her issues before the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Without a transcript of the trial, we must assume that the evidence was sufficient to support the result reached by the trial court. <u>Bean</u>, 151 N.H. at 250. Our review in such a case is limited to legal errors that are

apparent on the face of the record.  See Atwood v. Owens, 142 N.H. 396, 396-97 (1997).  Because the defendant has not developed any appellate argument demonstrating that the trial court erred as a matter of law, we affirm.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**