# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0545, <u>Branch Banking and Trust Company v. Samson Duclair & a.</u>, the court on May 2, 2016, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Samson Duclair and Paulette Duclair, appeal an order of the Superior Court (<u>Wageling</u>, J.) ordering them to make periodic payments, in the amount of $300 per month, to the plaintiff, Branch Banking and Trust Company (lender). We construe the defendants' brief to argue that: (1) the Florida court did not properly credit them for the fair market value of the Florida real estate upon which the lender foreclosed; (2) the lender failed to supply them with the real estate appraisal used in connection with the origination of the loan in 2005; (3) the Florida judgment against them had not been reduced to a sum certain; (4) the lender acted in bad faith and committed fraud upon the court when it filed its New Hampshire action against them; (5) New Hampshire lacked jurisdiction over the lender's action; (6) our December 9, 2014, order in <u>Samson Duclair & a. v. Branch Banking and Trust Company</u>, Case No. 2014-0413, was "self-contradictory"; and (7) the trial court's periodic payment order did not state the "sum certain" that they owe to the lender.

A number of these issues were resolved by our prior orders, and others are not properly before us. <u>See</u> <u>Samson Duclair & a. v. Branch Banking and Trust Company</u>, Case No. 2014-0413 (decided Dec. 9, 2014); <u>Branch Banking and Trust Company v. Samson Duclair & a.</u>, Case No. 2013-0244 (decided Nov. 7, 2013). To the extent that the defendants raise other arguments, they are either not sufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

At this time, we deny the lender's request for attorney's fees and other sanctions. However, if in future cases the defendants continue to press issues that have been finally resolved or are not properly before us, we will entertain a properly supported motion for attorney's fees. <u>See</u> RSA 490:14-a (2010); <u>Sup. Ct. R.</u> 23. This order is without prejudice to the trial court considering an award to

the lender for attorney's fees incurred in proceedings before the trial court.  <u>See</u> <u>LaMontagne Builders v. Brooks</u>, 154 N.H. 252, 259 (2006) (stating we have exclusive authority to award attorney's fees incurred on appeal); <u>Harkeem v.</u> <u>Adams</u>, 117 N.H. 687, 691 (1977).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
