# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0116, <u>State of New Hampshire v. Robie B. Gould</u>, the court on April 21, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Robie B. Gould, appeals his convictions of reckless conduct, <u>see</u> RSA 631:3 (2016), simple assault, <u>see</u> RSA 631:2-a (2016), and conduct after an accident, <u>see</u> RSA 264:25 (2014).  He argues that the Superior Court (<u>McNamara</u>, J.) erred in:  (1) denying his motion to dismiss the reckless conduct charge for improper venue; (2) denying his motion to dismiss the simple assault charge; and (3) allowing the State to introduce a 49-minute videotape of his statements to police.

The defendant first argues that the trial court erred in denying his motion to dismiss for improper venue at the close of the State's case.  He argues that the evidence was insufficient for a rational juror to conclude that the reckless conduct offense occurred in Merrimack County.

To prevail upon his challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found beyond a reasonable doubt that the crime occurred in Merrimack County.  <u>See</u> <u>State v. Collyns</u>, 166 N.H. 514, 517 (2014).  As the defendant concedes, at least one witness to the crime testified that it occurred on a portion of the highway on the Merrimack County side of the Winnipesaukee River.  We are not persuaded that her testimony was necessarily inconsistent with the aerial photograph of the highway or that a rational juror was required to reject her testimony on that basis.  We conclude that a rational juror, viewing all the evidence in the light most favorable to the State, could have found beyond a reasonable doubt that the crime occurred in Merrimack County.  <u>See</u> <u>id</u>.

Moreover, we note that the defendant did not raise his venue objection until the close of the State's case.  Before trial, the defendant knew that he was being tried in Merrimack County, and he knew where the crime occurred, which he asserts was in Belknap County.  Therefore, even if the evidence were insufficient to prove proper venue, we would conclude that he waived his venue objection.  <u>See</u> <u>Petition of State of N.H. (State v. Johanson)</u>, 156 N.H. 148, 155 (2007) ("Generally, to avoid waiver, a defendant must raise any objections to

venue before trial unless the impropriety of venue only becomes apparent at the close of the government's case." (quotation omitted)).

The defendant next argues that the trial court erred in denying his motion to dismiss the simple assault charge because, he asserts, the victim's "fighting words" invited the defendant's unprivileged physical contact. The defendant first argues that the trial court misapprehended his argument by erroneously addressing it as a self-defense argument. The appellant must afford the trial court an opportunity to correct any error it may have made before raising the issue on appeal. State v. Mouser, 168 N.H. 19, 26 (2015). In this case, the defendant failed to show that he notified the trial court that it misunderstood his argument. In addition, judicial review is not warranted for complaints, without developed legal argument, regarding adverse rulings. State v. Blackmer, 149 N.H. 47 (2003). The defendant does not support his "fighting words" argument with developed legal reasoning or citations to authorities. Even if the defendant had preserved and sufficiently developed his argument, we would reject it on its merits. "Fighting words" may be subject to greater State regulation because of their capacity to cause of a breach of the peace. State v. Oliveira, 115 N.H. 559, 561 (1975). However, there is no authority for the defendant's position that the victim's alleged use of "fighting words" could justify his criminal assault. See Appeal of United Parcel Service, 125 N.H. 753, 756 (1984) (noting that "under New Hampshire law words alone may not furnish sufficient provocation to justify a physical attack").

Finally, the defendant argues that the trial court erred in allowing the State to introduce a 49-minute videotape because it contained statements he made that his counsel had not heard before trial. We review the trial court's decisions on the management of discovery and the admissibility of evidence under an unsustainable exercise of discretion standard. State v. Ainsworth, 151 N.H. 691, 694 (2005). To meet this standard, the defendant must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case. Id. The record shows that the State provided the defendant with a copy of the videotape several months before trial. During trial, defense counsel advised the court that the DVD disc he received included an audio component for the first five minutes only. However, he also advised the court that when the prosecutor placed the same disc into her computer before trial, it contained audio for the entire 49 minutes. The defendant argued that the videotape should not be admitted because the State failed to inform him that the disc contained 49 minutes of audio time, and that it failed to give him instructions to ensure that he could fully access the audio component. The trial court ruled that, under the circumstances, defense counsel was on notice of a possible problem with the disc and was obligated to raise the issue with the State before trial.

The defendant does not argue that the statements contained in the videotape were inadmissible on any other ground. The audio component of the

videotape demonstrated that he pretended not to speak English when he was stopped by the police, a fact which he admitted at trial.  Based upon this record, we cannot conclude that the trial court's ruling was untenable or unreasonable to the prejudice of his case.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,<br>Clerk**