**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0334, <u>State of New Hampshire v. Ralph C. Alexander</u>, the court on April 25, 2017, issued the following order:**

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Ralph C. Alexander, appeals a finding of guilty by the 6th Circuit Court, Franklin District Division (<u>Gordon</u>, J.), following a bench trial, on a charge of speeding that occurred in the Town of Northfield.  <u>See</u> RSA 265:60 (Supp. 2016).  He argues that the trial court lacked subject matter jurisdiction, and that it erred by proceeding to trial without evidence of its jurisdiction.  He further argues that he was not sufficiently notified of the charge, and that he did not receive "the correct calibration record" in discovery.

At the outset, we reject the State's argument that the defendant has waived his challenge to the trial court's jurisdiction.  <u>See</u> <u>Attorney General, Dir. Of Charitable Trusts v. Loreto Publ'ns</u>, 169 N.H. 68, 71 (2016) (observing that a party may challenge subject matter jurisdiction at any time and may not waive it); <u>Eby v. State</u>, 166 N.H. 321, 337-38 n.7 (2014) (noting that subject matter jurisdiction cannot be conferred by waiver).

We agree with the State, however, that the trial court had jurisdiction over the speeding charge.  <u>See</u> RSA 265:2, :60, V (2014 & Supp. 2016) (defining violations of RSA chapter 265 as violation-level offenses, and establishing a schedule of fines up to $350 for speeding violations); RSA 490-F:3, :4 (Supp. 2016) (granting circuit court all jurisdiction that was previously conferred upon the district courts, and establishing that the judicial districts for the district divisions "shall be as set forth in RSA 502-A:1"); RSA 502-A:1, XIV (Supp. 2016) (establishing that the Franklin district includes the Town of Northfield); RSA 502-A:11 (Supp. 2016) (granting each district court original jurisdiction over all "offenses committed within the confines of the district in which such court is located which are punishable by a fine not exceeding $2,000"); RSA 625:9, V (2016) (defining "violation" as an "offense so designated by statute . . . and . . . any offense defined outside of [the Criminal Code] for which there is no other penalty provided other than a fine or fine and forfeiture or other civil penalty").  We also agree with the State that the defendant's non-jurisdictional arguments are insufficiently developed to warrant review.  <u>State v. Blackmer</u>,

149 N.H. 47, 49 (2003).  Arguments raised in the defendant's notice of appeal that he has not briefed are likewise waived.  <u>Id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**