HICKS, J., concurring in part and dissenting in part.
Although I concur fully in Sections II and III of the majority's opinion, I respectfully dissent from Section IV because I believe that principles of stare decisis require us to adhere to the elements-based approach adopted and applied in State v. Hull, 149 N.H. 706, 708-11, 827 A.2d 1001 (2003). I can appreciate the State's concern that straightforward application of this approach, both presently and prospectively, would leave it incapable of seeking sentence *1109 enhancement penalties against DUI offenders with prior impaired-driving convictions from several out-of-state jurisdictions. I can also appreciate why the majority shares this concern and, therefore, elects to modify Hull to allay it.
The doctrine of stare decisis, however, "demands respect in a society governed by the rule of law, for when governing legal standards are open to revision in every case, deciding cases becomes a mere exercise of judicial will with arbitrary and unpredictable results." State v. Quintero, 162 N.H. 526, 532, 34 A.3d 612 (2011) (quotation omitted). "Indeed, principled application of stare decisis requires a court to adhere even to poorly reasoned precedent in the absence of some special reason over and above the belief that a prior case was wrongly decided." Id. at 539, 34 A.3d 612 (quotation omitted). We have identified four factors that this court must consider in determining whether precedent should be overruled or modified. See id. at 532-33, 34 A.3d 612. Neither the State in its brief, nor the majority in its well-reasoned analysis and conclusion in Section IV, addresses any of them. See State v. Blackmer, 149 N.H. 47, 49, 816 A.2d 1014 (2003) (noting that we confine our review to issues that are fully briefed).
Consequently, I would adhere to the elements-based approach delineated in Hull, vacate the defendant's sentence because the evidence required to sustain a conviction under Maine's OUI statute would not "necessarily sustain a conviction," Hull, 149 N.H. at 710, 827 A.2d 1001, under New Hampshire's DUI statute, and remand to the trial court for resentencing.