**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0276, <u>Keith Healey v. Jessica Leach & a.</u>, the court on March 30, 2018, issued the following order:**

The plaintiff's motion to strike exhibits is granted in part and denied in part. The following exhibits are stricken: (1) Better Business Bureau complaint; (2) Angie's List complaint; (3) Merrimack Police Department reports dated 9/21/16 and 10/5/16; and (4) bill of sale for birdbath, dated 6/6/91. Otherwise, the motion is denied.

The defendant's motion to strike the plaintiff's memorandum is denied. The defendant's "motion for the court not to accept [her] motion to strike the [defendant's] memorandum as a reply brief" is granted.

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendant Jessica Leach appeals a small claim judgment entered by the Circuit Court (<u>Crocker</u>, J.) in favor of the plaintiff, Keith Healey. We note that on April 4, 2017, the trial court dismissed the case as to Peter Jennings and Curtis Leach, and that the plaintiff has not appealed that order. Although the defendant purports to raise 44 questions on appeal, she has developed only the following arguments: (1) the trial court allegedly made "a plethora of erroneous factual findings"; (2) the trial court did not identify which version of the contract was valid; (3) the contract was void because the plaintiff waived a deposit; (4) the plaintiff breached the contract before she did; (5) the plaintiff did not act in good faith; (6) the plaintiff made an enforceable promise to provide free services in light of her lack of satisfaction; and (7) the plaintiff should have written a new contract.

As the appealing party, the defendant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error. <u>See</u> <u>id</u>. Issues raised by the

defendant that she has not fully briefed are waived.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**
