**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0059, <u>State of New Hampshire v. Michael A. DeLong</u>, the court on October 17, 2018, issued the following order:**

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Michael A. DeLong, appeals his conviction, following a trial in the Circuit Court (<u>Ryan</u>, J.), on a charge of negligent driving. <u>See</u> RSA 265:79-b (Supp. 2017). We construe his brief to argue that the trial court erred because the conviction was unsupported by the evidence and based upon hearsay.

To prevail on a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all the evidence and all reasonable inferences from it in the light most favorable to the State, could have found him guilty beyond a reasonable doubt. <u>State v. Ducharme</u>, 167 N.H. 606, 616-17 (2015). We examine each item of evidence in the context of all the evidence, and not in isolation. <u>Id</u>. at 617. In resolving a challenge to the sufficiency of evidence, we are mindful that credibility determinations are within the exclusive province of the trier of fact. <u>See</u> <u>State v. Carr</u>, 167 N.H. 264, 275 (2015). The trial court is free to accept or reject any portion of a witness's testimony. <u>See</u> <u>id</u>.; <u>State v. Dodds</u>, 159 N.H. 239, 247 (2009) (trier of fact is in best position to measure persuasiveness and credibility of evidence and is not required to believe even uncontested evidence).

To convict the defendant of negligent driving, the State was required to prove that he drove "a vehicle [upon any way] negligently . . . as defined in RSA 626:2, II(d), or in a manner that endanger[ed] or [was] likely to endanger any person or property." RSA 265:79-b.

A person acts "negligently" with respect to a material element of an offense when he fails to become aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that his failure to become aware of it constitutes a gross deviation from the conduct that a reasonable person would observe in the situation.

RSA 626:2, II(d) (2016).  Criminal negligence requires some serious blameworthiness in the defendant's conduct that caused the substantial and unjustifiable risk.  State v. Shepard, 158 N.H. 743, 746 (2009).  Whether a defendant has acted negligently does not depend on any actual harm that resulted from the defendant's conduct.  State v. Belleville, 166 N.H. 58, 63 (2014) (addressing criminal recklessness).

In this case, the State introduced evidence that on August 4, 2017, at approximately 10:57 in the morning, the defendant "tailgated" another driver on a "windy" and "hilly" residential street.  The speed limit on that street is thirty-five miles per hour, and children often play and ride bicycles on it.  The defendant then crossed a solid double yellow line and passed the other driver at an excessive speed, yelling an obscenity at the other driver as he passed him.  Both the other driver and the police officer who investigated the incident testified, without objection, that a third party witnessed the incident and motioned at the defendant to slow down.  The officer further testified that passing a car on a double yellow line in that area is "extremely unsafe."  Although the officer did not witness the incident, and although the defendant disputed the testimony of the other driver and of the officer and offered a conflicting explanation of the incident, the trial court was free to credit the testimony of the other driver and the officer, and to reject the defendant's testimony.  Viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that the defendant drove his vehicle negligently upon a way.

Any remaining argument in the defendant's brief either was not raised at trial, or is not sufficiently developed to warrant further discussion.  See State v. Blackmer, 149 N.H. 47, 48-49 (2003).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**