# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0487, <u>State of New Hampshire v. Vincent Gillespie</u>, the court on May 31, 2019, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Vincent Gillespie, appeals an order of the Circuit Court (<u>Leonard</u>, J.) finding that he had parked his vehicle so as to obstruct a turning lane and affirming his responsibility for the cost of towing that vehicle. <u>See</u> RSA 262:32, :33 (2014). The defendant contends that, because, due to snow covering the markings on the pavement, he had no notice that he was parking in a turning lane, he should not be penalized for doing so. We review the trial court's application of the law to the facts <u>de novo</u>. <u>White v. State</u>, 171 N.H. 326, 330 (2018).

RSA 262:32 provides that an officer may have a vehicle towed "if he has reasonable grounds to believe that . . . [the] vehicle is obstructing any way." RSA 262:32, III. RSA 262:33, I, provides that all reasonable towing charges "shall be paid by . . . [the] person claiming [the] vehicle."

In this case, a parking enforcement officer testified that at 6:00 p.m. on a weekday the police department received a complaint that the defendant's vehicle was blocking the turning lane on a main thoroughfare and obstructing traffic. He further testified that when he saw the vehicle, in spite of the snow covering the arrows painted on the pavement indicating a turning lane, he knew that it was parked in the turning lane. He attempted to contact the owner to remove the vehicle, but the registered owner was deceased. Accordingly, the police department arranged for the vehicle to be towed. The defendant acknowledged that he agreed with the officer's testimony.

RSA 262:32, III does not require that the owner or driver of a vehicle obstructing traffic had notice that the vehicle was in a no-parking area. It simply requires that the officer had reasonable grounds to believe that the vehicle was obstructing traffic, which the defendant does not contest. RSA 262:33 does not impose a fine upon the owner or driver of the vehicle; it simply makes him responsible for the cost of removing the vehicle from where it was obstructing traffic. To the extent that the defendant contends that these statutes violate his due process rights, he does not develop this argument. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

Accordingly, we cannot say that the trial court erred by concluding that the defendant parked his vehicle so as to obstruct a turning lane and is responsible for the cost of removing it.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**