Belknap
No. 99-308

THE STATE OF NEW HAMPSHIRE

v.

PAUL BLACKMER

Submitted: November 27, 2002
Opinion Issued: January 10, 2003

*Philip T. McLaughlin*, attorney general (*Brian R. Graf* and *Jane E. Young*, senior assistant attorneys general, on the brief), for the State.

*Paul Blackmer*, by brief, *pro se.*

DALIANIS, J. The defendant, Paul Blackmer, appeals his conviction by a jury and sentence by the Superior Court (*Perkins*, J.) for conspiracy to possess marijuana with intent to sell. *See* RSA 629:3 (1996) (amended 1999); RSA 318-B:2 (1995) (amended 2000). We affirm.

In April 1994, the police arrested the defendant after observing him retrieve two packages, containing approximately fifty pounds of marijuana, from a United Parcel Service (UPS) office in Laconia. In June 1994, a grand jury indicted the defendant for possession of marijuana with the intent to sell and conspiracy to possess marijuana with the intent to sell. In October 1994, the grand jury reindicted the defendant for possession of marijuana with intent to sell, subsequent offense, and conspiracy to possess marijuana with intent to sell, subsequent offense. The October 1994 indictments replaced the June 1994 indictments; the State later *nol prossed* all of these indictments.

In May 1996, a grand jury reindicted the defendant for possession of marijuana with intent to sell and conspiracy to possess marijuana with intent to sell based upon the 1994 UPS incident. In 1997, he was tried and convicted of these charges and sentenced to prison.

In May 1996, the defendant was also indicted for conspiracy to possess marijuana with the intent to sell stemming from alleged activities between December 1995 and January 1996. This conspiracy charge was severed from the charges based upon the 1994 incident and is the charge at issue in this appeal.

The defendant raises numerous issues on appeal. When reviewing these issues, we consider the following principles. First, we will not review any issue that the defendant did not raise before the trial court. "The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review." *State v. McMinn*, 141 N.H. 636, 642 (1997) (quotation omitted). "This rule, which is based on common sense and judicial economy, recognizes that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." *Id.* (quotations and citations omitted).

Second, "in the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." *Douglas v. Douglas*, 143 N.H. 419, 429 (1999) (citation omitted). Thus, we confine our review to only those issues that the defendant has fully briefed. *See State v. Chick*, 141 N.H. 503, 504 (1996) (passing reference to constitutional claim renders argument waived); *Keenan v. Fearon*, 130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration).

Third, we will not review any issue addressed in the defendant's brief that he did not also raise in his notice of appeal. An argument that is not raised in a party's notice of appeal is not preserved for appellate review. *State v. Blair*, 143 N.H. 669, 672 (1999).

With these principles in mind, we address only three of the defendant's arguments. We do not address any additional arguments either because they were not preserved, were not sufficiently developed for appellate review or were not raised in his notice of appeal. Any issue raised in the defendant's notice of appeal that he has not briefed is deemed waived. *See State v. Berry*, 148 N.H. 88, 93 (2002).

*I. Speedy Trial*

The defendant argues that the State violated his speedy trial right by failing to provide him, in a timely fashion, with the transcript of Special Agent Michael Connolly's 1994 grand jury testimony. This argument has no bearing upon the defendant's right to a speedy trial on the charges at issue in *this* case.

■ Special Agent Connolly testified before the grand jury solely with respect to the 1994 UPS incident, not with respect to the activities which led to the charge at issue in this appeal. Indeed, Special Agent Connolly appeared before the grand jury more than a year before these events took place. Thus, the State's delay in providing the defendant with this testimony is irrelevant to this appeal and to whether the defendant's right to a speedy trial was violated in this case.

The defendant requests that we permit him to make additional arguments regarding his right to a speedy trial "after . . . disclosure of the long long and continuously sought Brady Material Answer." We decline to do so. To the extent that the "Brady Material Answer" refers to Special Agent Connelly's 1994 grand jury testimony, the record shows that the defendant, in fact, received a transcript of this testimony in August 1997. To the extent that the "Brady Material Answer" refers to the defendant's assertion that Special Agent Connolly committed perjury in his 1994 grand

jury testimony, even if this were true, it would not be relevant to this appeal.

The defendant argues that he is unable to brief this issue without assistance of counsel. The defendant had appointed appellate counsel. We granted counsel's motion to withdraw, however, after the defendant instructed counsel not to file an appellate brief until receipt of the "Brady Material Answer." The defendant moved for reconsideration, which we denied. In his motion for reconsideration, the defendant asked the court "to devise means to compel disclosure of the Brady Material Answer . . . as means to remedy these travesties rather than choice of the cowardly course to dismiss as Defendant permits no remedy be devised prior to receipt of this Brady Material Answer." The court inferred from this that it would have been futile to appoint new counsel because the defendant would have merely instructed his new counsel not to file an appellate brief until receipt of the "Brady Material Answer."

*II. Conspiracy*

At the close of evidence, the defendant moved to dismiss on the ground that there could not be any conspiracy because his alleged co-conspirator was a police officer who never intended to possess or sell marijuana. We affirm the trial court's denial of the motion.

■ Under New Hampshire law, a person is guilty of conspiracy if, "with a purpose that a crime defined by statute be committed, he agrees with one or more persons to commit or cause the commission of such crime, and an overt act is committed by one of the conspirators in furtherance of the conspiracy." RSA 629:3, I. The crime of conspiracy does not necessarily require that both parties to the conspiracy possess criminal intent. Nor does it require that they both be subject to criminal liability. The phrase "one or more persons" expressly includes those who are immune from criminal liability. RSA 629:3, II. Thus, under New Hampshire law, it is immaterial that the defendant's co-conspirator was a police officer who lacked the requisite criminal intent.

*III. Sentence*

■ RSA 629:3, IV provides, in pertinent part, that the penalty for conspiracy "is the same as that authorized for the crime that was the object of the conspiracy." The defendant argues that because the crime that was the object of the conspiracy was to be committed in Massachusetts, the trial court was required to sentence him in accordance with Massachusetts law. We disagree.

New Hampshire sentencing provisions applied. The crime that was the object of the conspiracy was possession of marijuana with the intent to sell. This is a crime under New Hampshire law. *See* RSA 318-B:2. New Hampshire law governs sentencing for this crime, as well as for the crime of conspiracy. *See* RSA 651:1, I (1996) (New Hampshire Criminal Code governs sentencing for "every offense whether defined within or outside the code").

■ To the extent that the defendant argues that New Hampshire lacked jurisdiction over the offense in this case, he is mistaken. RSA 625:4, I(a) (1996) provides that a person may be convicted under New Hampshire law for any offense he has committed when his conduct occurred in New Hampshire and is an element of the offense. RSA 625:4, I(d) (1996) provides that a person may be convicted under New Hampshire law when conduct in this State would constitute a conspiracy to commit an offense in another jurisdiction which is also an offense in this State. New Hampshire had jurisdiction over the defendant under either of these provisions.

*Affirmed.*

BROCK, C.J., and BRODERICK, J., concurred.