# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0382, <u>Hannaford Bros. Co., LLC v. Town of Rindge & a.</u>, the court on May 12, 2016, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Hannaford Bros. Co., LLC (Hannaford), appeals an order of the Superior Court (<u>Kissinger</u>, J.) upholding a decision of the planning board (board) for the respondent, the Town of Rindge (town), to grant the intervenor, Wal-Mart Real Estate Business Trust (Wal-Mart), a waiver from the town's site plan review regulations (regulations). Hannaford argues that the trial court erred by finding that: (1) the basis for the waiver was adequately recorded in the board's minutes, <u>see</u> RSA 674:44, III(e) (Supp. 2015); and (2) the evidence was sufficient to support the board's decision. Hannaford further argues that the board's prior approval of a proposed expansion by Wal-Mart, which was not constructed, is not an independent basis upon which to affirm the board's decision. We affirm.

The record reflects the following facts. Hannaford and Wal-Mart are abutters, each operating its own retail store within the town. In July 2013, Wal-Mart filed a site plan application with the board for the expansion of its existing store. In conjunction with the application, Wal-Mart requested, among other things, a waiver from regulation section VII(11), which limits the impervious surface coverage of a given site to 50 percent. <u>See</u> <u>Rindge, N.H., Site Plan Review Regulations</u>, § VII(11) (2005) (SPRR). Section VII(11) was enacted after Wal-Mart built its store, and at the time of Wal-Mart's 2013 application, the existing site consisted of 50.9 percent impervious surface. Wal-Mart sought to increase the amount of impervious surface to 57 percent, and the board granted Wal-Mart's waiver request by a vote of 5-2. Wal-Mart later revised its plan, reducing the amount of impervious coverage to 53.1 percent.

Hannaford appealed the board's decision to the superior court. Hannaford argued that the board failed to record the basis of its decision to grant the waiver in the meeting minutes, and that Wal-Mart did not meet the waiver requirements. The superior court affirmed the board's decision. This appeal followed.

The trial court's review of a planning board decision is limited. <u>Prop. Portfolio Group v. Town of Derry</u>, 163 N.H. 754, 757 (2012); <u>see</u> RSA 677:15 (Supp. 2015). The trial court must treat the board's factual findings as <u>prima</u>

facie lawful and reasonable, and cannot set the decision aside absent unreasonableness or identified error of law. Prop. Portfolio Group, 163 N.H. at 757. The trial court is not to determine whether it agrees with a planning board's findings, but rather whether there is evidence upon which they could have been reasonably based. Id. The petitioner has the burden to demonstrate, by the balance of probabilities, that the board's decision was unreasonable. Id. We, in turn, will uphold the trial court's order unless it is unsupported by the record or legally erroneous, looking to whether a reasonable person could have reached the same decision as did the trial court based upon the same evidence. Id. at 757-58.

Section VII(11) of the regulations states, in relevant part, that "[t]he area of impervious cover shall be limited to 50% of the entire site including building footprint, parking and ancillary structures." SPRR, § VII(11). Section XVI allows the board to waive that requirement when "literal enforcement of the regulation would create an unnecessary hardship due to the unique characteristics of the site in question, and such waiver would not adversely compromise the purpose or intent of the Regulation." Id. § XVI; see also RSA 674:44, III(e) (requiring regulations to provide for waiver when "[s]trict conformity would pose an unnecessary hardship . . . and waiver would not be contrary to the spirit and intent of the regulations" or "[s]pecific circumstances relative to the site plan, or conditions of the land . . . , indicate that the waiver will properly carry out the spirit and intent of the regulations"). We note that Hannaford does not contend that the waiver would "adversely compromise the purpose or intent of the Regulation." SPRR, § XVI.

We first address the adequacy of the board's minutes. RSA 674:44, III(e) requires that, when a planning board waives a regulation, "[t]he basis for any waiver . . . shall be recorded in the minutes of the board." This does not obligate the board to make specific findings of fact. Prop. Portfolio Group, 163 N.H. at 758. Rather, it requires "only that the underlying rationale of the board's decision to grant a waiver be adequately reflected in its minutes." Id. at 759.

In this case, the board's August 6, 2013 minutes reflect Wal-Mart's arguments that: (1) its existing building was constructed before Section VII(11) was enacted; (2) the existing building's impervious coverage exceeded the regulation's maximum of 50 percent; (3) the board unanimously voted to grant it a comparable waiver in 2011; and (4) its drainage reports "demonstrate that there will be no negative impact to the property or surrounding areas." The minutes do not reflect that any other interested party presented evidence or arguments. The minutes show that immediately after Wal-Mart's presentation, a majority of the board voted to grant the waiver. Further, the board's September 3 minutes reflect that at least one board member believed that the limitation on impervious surface should not apply to the Wal-Mart building because it was not in effect at the time the building was constructed.

2

We conclude that these minutes satisfy RSA 674:44, III(e) by adequately reflecting the underlying rationale for the board's decision. The minutes demonstrate that: (1) the Wal-Mart property already exceeded the limitation on impervious surface; (2) as a result, literal enforcement of the regulation would impose a hardship because Wal-Mart would be unable to expand unless it could reduce the impervious surface of its existing lot; and (3) such hardship would be unnecessary because the impact of more impervious surface could be alleviated by Wal-Mart's drainage plans. That the board may not have explicitly stated this rationale does not persuade us that a different result is required. Wal-Mart's presentation, coupled with the immediate vote of the board to grant the waiver, allows us to infer that the board found Wal-Mart's arguments persuasive. Cf. In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007) (stating that when a court does not make specific findings, we presume it made all findings necessary to support its ruling).

Hannaford argues that the minutes contain "no direct or indirect discussion or analysis by any party, including any planning board member, of undue hardship arising from the unique characteristics of the Wal-Mart lot." According to Hannaford, "the minutes need to reflect that someone made an actual showing of 'unnecessary hardship' upon which the Planning Board could have relied." It points to Property Portfolio Group, in which the planning board's minutes recorded the arguments before it and the board's subsequent deliberations. See Prop. Portfolio Group, 163 N.H. at 756. However, nothing in RSA 674:44, III(e) requires a detailed description of the planning board's proceedings, so long as its rationale for the waiver is adequately reflected in the minutes. The record here shows that the parties squarely raised before the board the issue of whether enforcement of the regulation would cause Wal-Mart unnecessary hardship, and the minutes, as noted above, reflect the board's rationale for determining that the regulation would, in fact, cause Wal-Mart unnecessary hardship.

We next address whether the evidence was sufficient to support the waiver. Hannaford argues that, to establish unnecessary hardship, Wal-Mart was required "to show, and the planning board to rule out, the available alternative designs which would comply with the regulation, but would otherwise create an undue hardship." We disagree. In Property Portfolio Group, although we noted that the planning board had discussed alternative locations for the dumpsters at issue, we did not require applicants for waivers to submit conforming plans. Id. at 756-57. Hannaford also relies upon Boccia v. City of Portsmouth, 151 N.H. 85, 92 (2004), which required zoning boards of adjustment to consider whether an applicant for area variances could achieve the same benefit by some other reasonably feasible method. However, that test, which was subsequently eliminated by the legislature, see Harborside Assocs. v. Parade Residence Hotel, 162 N.H. 508, 513 (2011), concerned a different statute serving different purposes.

Further, we note that the board's 2013 waiver allowed 57 percent of the lot to be covered by impervious surface. However, before the board granted conditional site plan approval, Wal-Mart redesigned its expansion, reducing its total impervious coverage to 53.1 percent. It was this redesign that ultimately gained the board's approval. Thus, Wal-Mart reduced the amount of impervious surface below the amount contemplated in its original site plan, approved in 1993, which proposed future expansion from 50.9 to 54 percent impervious surface.

Hannaford argues that the record does not support a finding of unnecessary hardship because Wal-Mart's redesign demonstrated that it would be "quick, easy, economical and effective" for it to design its addition to conform to the limitation of impervious surface. However, the standard is not whether the planning board could have reached a different decision, but whether the evidence reasonably supports the decision that it made. See Prop. Portfolio Group, 163 N.H. at 757-58; Auger v. Town of Strafford, 156 N.H. 64, 67 (2007) (concluding evidence of unnecessary hardship insufficient when record showed planning board's "sole reason" for granting waiver was that it "preferred" the non-conforming design). Here, the evidence before the board reasonably supports its finding of unnecessary hardship.

Next, Hannaford argues that the expansion approved by the planning board in 1993, but never built, allowing 54 percent impervious surface, was not a unique characteristic of the property. However, the trial court did not rely upon this in its determination that the evidence was sufficient to support the waiver. To the extent that Hannaford argues that Wal-Mart's initial erroneous statement that the lot currently had 54 percent impervious surface "potentially tainted the Planning Board's decision to grant the waiver," this argument is not developed, and we decline to address it. See State v. Blackmer, 149 N.H. 47, 49 (2003).

We conclude that the trial court's order affirming the board's waiver is supported by the record and not legally erroneous. See Prop. Portfolio Group, 163 N.H. at 757-58. In light of this conclusion, we need not address whether the board's 1993 approval of Wal-Mart's future expansion, which was not constructed, is an independent basis upon which to affirm the board's decision.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**

4