# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0253, <u>Petition of Jeannette Marino</u>, the court on March 27, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We dismiss the case as moot.

The petitioner, Jeannette Marino (guardian), seeks a writ of certiorari, <u>see</u> <u>Sup. Ct. R.</u> 11, challenging an administrative order of the Circuit Court (<u>Kelly</u>, J.) removing her permanently from the list of approved professional guardians and from all current guardianship matters. <u>See</u> RSA 464-A:2, XIV-b (Supp. 2016); Probate Court Administrative Order 16 (2009). She contends that the trial court erred by: (1) exceeding its authority by establishing a disciplinary process and removing her from all her current guardianship positions; (2) violating her due process rights by: (a) referring to her conduct in two matters that were not the subject of the disciplinary hearing; (b) not informing her that it would be guided by disciplinary rules for attorneys; (c) adopting a preponderance of the evidence standard and not notifying her in advance; and (d) not informing her of the "potentially devastating impact [of the] . . . disciplinary process"; (3) finding that she intentionally violated her duties as guardian; (4) removing her permanently from the list of approved guardians; and (5) declining to reconsider the findings in the binding final orders in the underlying matters upon which the disciplinary action was based. The administrative judge counters, in part, that the revocation of her certification as a National Certified Guardian by the Center for Guardianship Certification (CGC), a national certifying organization for professional guardians, has rendered this case moot.

The doctrine of mootness is designed to avoid deciding issues that have become academic or dead. <u>Batchelder v. Town of Plymouth Zoning Bd. of Adjustment</u>, 160 N.H. 253, 255 (2010). However, the question of mootness is not subject to rigid rules, but is regarded as one of convenience and discretion. <u>Id</u>. at 255-56. A decision upon the merits may be justified where there is a pressing public interest involved or future litigation may be avoided. <u>Id</u>. at 256.

In this case, the administrative judge sent a copy of the final disciplinary order to the CGC. The CGC, in turn, informed the guardian that it had received a complaint, requested her response, and notified her that a "[f]ailure to respond . . . may be deemed an admission to the allegations in the complaint." The guardian declined to respond to the allegations while this appeal was pending and requested that the CGC stay its proceedings until the appeal was concluded,

which it declined to do. The guardian did not respond substantively to the CGC or exercise her right to a hearing.

The CGC convened a professional review board to consider the complaint against the guardian. It found that she had violated seven of the National Guardianship Association Standards of Practice. Accordingly, the CGC revoked the guardian's certification as a National Certified Guardian. Although the revocation letter informed the guardian of her right to appeal this decision, she failed to do so.

The CGC's Rules and Regulations Regarding Certification and Recertification of National Certified Guardians (approved October 28, 2016) preclude someone whose CGC certification has been revoked from applying for certification. Rule II(A)(14). Probate Court Administrative Order 16 requires that anyone "seeking appointment as a professional guardian" in New Hampshire "[b]e a national certified guardian . . . with the Center for Guardianship Certification (CGC) and maintain this registration as required by CGC or its successor organization." Accordingly, regardless of the outcome of this appeal, the guardian will not again qualify to be a professional guardian in New Hampshire because she cannot be again nationally certified by the CGC.

The guardian argues that the CGC's "policies are subject to modification at any time" and that, at some undetermined future time, she may be allowed "to then bring forward a response to the findings by the administrative judge, not previously submitted." We conclude that such an eventuality is too speculative to create a present case or controversy. See Duncan v. State, 166 N.H. 630, 641 (2014) ("Except as provided in Part II, Article 74 [of the New Hampshire Constitution], the judicial power in this State is limited to deciding actual, and not hypothetical, cases.").

The guardian seems to argue that her situation constitutes a pressing public interest because, were we to reverse, the trial court might act on a complaint which has been made in another guardianship matter. We are not persuaded. Finally, to the extent that she argues that her appeal presents a question "capable of repetition yet evading review," her argument is not developed. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Dismissed.

Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**