# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2016-0430, <u>State of New Hampshire v. Scott Goodale</u>, the court on April 21, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Scott Goodale, appeals his conviction, following a bench trial in the Circuit Court (<u>Rappa</u>, J.), on charges of misdemeanor criminal threatening, <u>see</u> RSA 631:4 (2016), and violation-level disorderly conduct, <u>see</u> RSA 644:2 (2016). He argues that the charges lacked sufficient specificity to satisfy Part I, Article 15 of the New Hampshire Constitution, and that the disorderly conduct charge was time-barred, <u>see</u> RSA 625:8 (2016). He further argues that he was entitled to the defense articulated in RSA 631:4, IV. Finally, he argues that the evidence was insufficient to support the charges, and that the State's witnesses were not credible.

At the outset, we agree with the State that the defendant's arguments that the charges lacked sufficient specificity and that the disorderly conduct charge was untimely are not sufficiently developed. Accordingly, those arguments are waived. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003). With respect to his argument that he was entitled to a defense under RSA 631:4, IV, which provides a defense for conduct intended to dispel the threat of another person that is "likely to cause serious bodily injury or death," we note that he has not addressed the trial court's reasoning that the defense cannot apply here because the alleged initial threat had already been eliminated at the time of the charged conduct. Accordingly, we decline to address the argument.

To prevail upon his challenges to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from such evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt as to the charged crimes. <u>State v. Cable</u>, 168 N.H. 673, 677 (2016). "[W]e objectively review the record to determine whether <u>any</u> rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." <u>Id</u>. (quotation omitted). In engaging in this analysis, we examine each item of evidence within the context of all the evidence, and not in isolation, <u>State v. Sanborn</u>, 168 N.H. 400, 413 (2015), mindful that "common sense evaluation of the credibility of witnesses is within the province and obligation of the" trier of fact, <u>State v. Young</u>, 159 N.H. 332, 339 (2009) (quotation, brackets, and ellipsis

omitted); see also State v. Spinale, 156 N.H. 456, 463 (2007) (in deciding challenge to the sufficiency of evidence to convict, the trial court cannot weigh the evidence or inquire into the credibility of the witnesses).

When the evidence supporting one or more of the elements of a charged offense is solely circumstantial, the defendant must prove that the evidence does not exclude all reasonable conclusions except guilt. Sanborn, 168 N.H. at 413. The proper inquiry is not whether every possible conclusion consistent with innocence has been excluded, but whether all reasonable conclusions consistent with innocence based upon the evidence at trial have been excluded. Id. Under this standard, we "evaluate[] the evidence in the light most favorable to the prosecution and determine[] whether the alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt." Id. (quotation omitted).

In this case, the defendant was convicted of a variant of criminal threatening that makes it unlawful to "threaten to commit any crime against the person of another with a purpose to terrorize any person," RSA 631:4, I(d), and of a variant of disorderly conduct that makes it unlawful to knowingly "[d]irect at another person in a public place obscene, derisive, or offensive words which are likely to provoke a violent reaction on the part of an ordinary person," RSA 644:2, II(b). "Terrorize" means "to cause alarm, fright or dread; the state of mind induced by the apprehension of hurt from some hostile or threatening event or manifestation." RSA 631:4, III(b). A "public place" for purposes of RSA 644:2 includes a "public way," RSA 644:2, V(b).

The victim testified that the defendant came to the victim's property, parked in front of the victim's wife's vehicle, and when he saw the victim, started screaming that he was "sick and tired of [the victim] acting like [he] was always brandishing a gun at [the defendant's] wife and his son," and that he "was going to tear [the victim] to pieces." According to the victim, the defendant was "beat red," his "veins [were] coming out of his neck, [and he was] spitting on himself" as he screamed. The victim's wife could hear the yelling from inside the house, which had concrete walls. The defendant continued to scream at the victim that he was going to tear him to pieces, that the victim was "not going to know if [he was] going to s__t out [of his] a__ or [his] face," and that the victim "was effing luck[y] that he didn't do it" that day. The victim testified that, contrary to the defendant's accusations, he had never made any threatening gestures toward the defendant's family. The victim felt threatened by the defendant's actions, explaining that he is approximately a foot shorter than the defendant and weighs considerably less than him. The location where the altercation occurred was a public way.

Upon this evidence, the trial court reasonably could have found, beyond a reasonable doubt, that the defendant threatened to commit a crime against the victim, specifically, simple assault, see RSA 631:2-a (2016), and that he did

so with a purpose to terrorize him.  RSA 631:4, I(d).  Likewise, the trial court reasonably could have found that the defendant knowingly directed at the victim, in a public place, "obscene, derisive, or offensive words which are likely to provoke a violent reaction on the part of an ordinary person," RSA 644:2, II(b).  Although the defendant claims that he only "warned [the victim] that the law would be involved" in the event of any future incidents, and that it was the victim who approached him "in an aggressive manner," it was within the trial court's province to assess the credibility of the witnesses, and we decline the defendant's invitation to second-guess the trial court's credibility determinations.  Young, 159 N.H. at 339; Spinale, 156 N.H. at 463.

We note that we have not considered the documents provided by the defendant on appeal that were not submitted to the trial court.  Accordingly, the State's motions to strike portions of the defendant's brief and reply brief are moot.  See Appeal of Silverstein, 163 N.H. 192, 199 n.1 (2012).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3