# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2019-0102, <u>Fred Haas v. Niessa Estes & a.</u>, the court on September 12, 2019, issued the following order:

Having considered the defendants' brief and reply brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Niessa Estes, Tiiersten Gosnell, Dan Hanscom, and Kevin Coonce (tenants), appeal a decision of the Circuit Court (<u>Gleason</u>, J.), following a hearing, terminating their residential tenancy for nonpayment of rent to the plaintiff, Fred Haas (landlord), <u>see</u> RSA 540:2 (Supp. 2018), and awarding the landlord $1,500 in unpaid rent, <u>see</u> RSA 540:13, III (2007). They argue that, because they introduced evidence that the landlord had been offered "vouchers" to cover portions of their rent obligation under RSA 540:9-a (Supp. 2018), the landlord was not entitled to possession. They further argue that granting the landlord possession was not warranted because they allegedly notified him that they were seeking rent assistance, because they obtained such assistance through the vouchers, because they were allegedly not asked to submit to the trial court an affidavit establishing their ability to pay rent, and because the landlord has allegedly since accepted the vouchers.

RSA 540:9-a, I, provides:

> Any rental payment or partial rental payment tendered by the tenant in the form of a written promise to pay on behalf of the tenant by the state, a county or a municipality of this state, or payment by any organization which disburses federal or state funds . . . shall constitute payment by the tenant of the amount represented in the voucher . . . .

In an eviction based upon nonpayment of rent, a landlord's refusal to accept <u>timely</u> payment in the form of a voucher constitutes an affirmative defense. RSA 540:9-a, II(a). A landlord is not obligated, however, "to accept partial rental payments or payments tendered after" the eviction notice expires. RSA 540:9-a, I. Under RSA 540:9 (2007), a tenant may avoid an eviction for nonpayment of rent by tendering all arrearages plus $15 <u>before</u> the eviction notice expires. An eviction notice for nonpayment of rent under a residential tenancy may expire after seven days. RSA 540:3, II (2007).

The record establishes that the landlord served the tenants with an eviction notice and demand for $5,270 in back rent on December 15, 2018. The tenants paid $850 on December 15, leaving a balance of $4,420. The eviction notice expired, with the arrearage unsatisfied, on December 23, 2018. At the time of the January 18, 2019 eviction hearing, the tenants had not paid January rent of $2,100 and, thus, owed a total of $6,520 in back rent.

Tenant Estes testified at the January 18, 2019 hearing that the tenants were, at that time, prepared to pay $1,000 toward their arrearage. She further testified that on December 28, 2018, she secured a municipal voucher of $1,623 to go toward the arrearage, and learned that Southwestern Community Services had earlier sent the landlord a voucher of $1,365 that the landlord had not yet accepted. Thus, she asserted that the tenants were, at that point, prepared to tender nearly $4,000.

On these facts, the tenants were not entitled to a defense under RSA 540:9-a. The tenants did not secure the $1,623 voucher, according to their own testimony, until December 28, 2018, after the eviction notice had already expired. Moreover, even if the $1,365 voucher had been tendered on or before December 23, 2018, it did not amount to the $4,420 plus $15 that the tenants would have been required to pay in order to avoid the eviction under RSA 540:9. Thus, the landlord was not obligated to accept either voucher in satisfaction of the rent arrearage under RSA 540:9-a. With respect to the tenants' remaining arguments, they cite no legal authority establishing that the trial court erred. See State v. Blackmer, 149 N.H. 47, 49 (2003) (stating that complaints regarding adverse rulings without developed legal argument do not warrant judicial review).

In light of this order, the landlord's motion for expedited review is moot. Likewise, because we have not relied upon any documents provided by the tenants on appeal that were not submitted to the trial court, the landlord's motion to strike is moot. See Lovejoy v. Linehan, 161 N.H. 483, 490 (2011). The landlord's "Second Motion to Strike" is denied.

                            Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


                                        **Eileen Fox,**
                                        **Clerk**

2