# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0694, <u>State of New Hampshire v. James Rogers</u>, the court on September 16, 2019, issued the following order:**

Having considered the brief and reply brief of the defendant, the brief filed by the State of New Hampshire, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, James Rogers, appeals his conviction for reckless driving. <u>See</u> RSA 265:79 (Supp. 2018). He argues that: (1) the Trial Court (<u>Tenney</u>, J.) erred in failing to find that his competing harms defense, <u>see</u> RSA 627:3 (2016), justified dismissal of the reckless driving charge; (2) the court's interpretation of RSA 265:79 was contrary to legislative intent; and (3) the State failed to present sufficient evidence that he drove recklessly.

The following summary of the evidence and the trial court's ruling are taken from the record before us. The arresting officer was "running stationary radar" on Route 202 and 9 in Henniker on April 2, 2018 at 4:29 a.m. when a vehicle driven by the defendant passed him. The radar registered the vehicle's speed at 99 miles per hour. When the officer stopped the vehicle, the defendant explained that his support dog was suffering from torsion, a life-threatening medical emergency. The arresting officer transported the defendant and his dog to the Concord Area Veterinary Emergency Services for the dog to be treated; the defendant was subsequently taken to the police station and charged with operating after revocation, a yellow-line violation, and reckless driving.

At trial, the defendant raised a competing harms defense. The trial court accepted the defense and dismissed the driving after revocation charge; the court also dismissed the yellow-line violation, stating: "The yellow-line is simply piling on when we already have that as part of the statute pertaining to the reckless operation. You have speed, yellow-line, all these things constitute reckless operation, so that is dismissed as well." The court found, however, that the evidence was insufficient to support a competing harms defense to reckless driving, ruling: "I understand why you drove the vehicle and I understand why you may have been breaking some speed laws, but the speed was excessive, it was dangerous and I'm going to find you guilty."

The defendant first argues that the trial court erred when it determined that the competing harms defense did not justify dismissal of the reckless

driving charge. Contrary to the State's assertion, we conclude that the defendant has sufficiently briefed this issue for appellate review. RSA 265:79 (Supp. 2018) provides:

> Whoever upon any way drives a vehicle recklessly, or causes a vehicle to be driven recklessly, as defined in RSA 626:2, II(c), or so that the lives or safety of the public shall be endangered, or upon a bet, wager, or race, or who drives a vehicle for the purpose of making a record, or who drives a vehicle at a speed of 100 miles per hour or greater, and thereby violates any of the provisions of this title or any rules adopted by the director, shall be . . . guilty of a violation.

RSA 627:1 (2016) provides that conduct described within RSA chapter 627 "constitutes a defense to any offense." RSA 627:3 defines the competing harms defense:

> I. Conduct which the actor believes to be necessary to avoid harm to himself or another is justifiable if the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the offense charged. The desirability and urgency of such conduct may not rest upon considerations pertaining to the morality and advisability of such statute, either in its general or particular application.
>
> II. When the actor was reckless or negligent in bringing about the circumstances requiring a choice of harms or in appraising the necessity of his conduct, the justification provided in paragraph I does not apply in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish criminal liability.

We have explained that competing harms is a justification defense. State v. L'Heureux, 150 N.H. 822, 826 (2004). When a defendant asserts this defense, the trial judge must first determine whether it is precluded as a matter of law. Id. If the defendant meets the initial requirements necessary for invocation of this defense, it is then submitted to the fact finder, in this case, the trial judge, for determination. Id.; see State v. O'Brien, 132 N.H. 587, 592 (1989). In this case, as the defendant observes, the trial court found, consistent with this process, that the defendant was not precluded as a matter of law from raising competing harms as a defense to the charged offenses.[1] The court then

---

[1] The State argues that the term "another" in the competing harms statute does not apply to animals. We need not decide this issue because, even if we assume that the statute encompasses potential harm to an animal, the defendant has failed to meet his burden.

2

considered the defense when applied to each charge.  See O'Brien, 132 N.H. at 590 (setting forth requirements to be satisfied for defense to be available to justify unlawful conduct).

After ruling that the circumstances supported a finding that no reasonable, lawful alternatives existed to the defendant's driving after his license had been revoked, the trial court dismissed this charge.  The court then dismissed the yellow-line violation charge after concluding that it was subsumed within the reckless operation charge.

As the defendant correctly observes, the competing harms statute establishes a balancing test that requires the fact finder to balance "the desirability and urgency of avoiding the [requisite] harm" against "the harm sought to be prevented by the statute defining the offense charged."  RSA 627:3. In this case, the trial court ruled that the competing harms defense did not support dismissal of the reckless operation charge, because to drive at "95 to 100 miles an hour even at that hour, passing vehicles on a roadway" put the defendant's life and those of others on the roadway at risk.  The defendant does not dispute the above-cited findings articulated by the trial court.  Evidence before the court also included: (1) testimony by the arresting officer that, at the time that he was stopped, the defendant asserted that he "had a good record" and that he had earlier driven "over 100 miles an hour to try to get" his dog to the emergency services veterinarian; and (2) testimony by the defendant that his veterinarian advised him that torsion would be deadly "if not treated within a few hours."

Having reviewed the record before us, we find no error in the trial court's ruling that the defendant's competing harms defense did not prevent his conviction for reckless driving.

The defendant's next argument is entitled "the trial court's interpretation of RSA 265:79, holding that driving a motor vehicle in excess of 99 miles per hour constitutes the reckless operation of a vehicle is contrary to the intent of the legislature" (capitalization and underlining omitted).  In his motion to reconsider filed in the trial court, the defendant asserted: "Under RSA 265:79, a driver needs to exceed 100 mph or greater or that the driver caused the lives of others to be at risk or upon a bet, wager or race.  None of which was proven."  It appears that, on appeal, the defendant seeks to expand his argument challenging the court's ruling to now assert that the ruling was based solely on a finding that he drove in excess of 99 miles per hour.  Even if we assume that this argument has been preserved for appellate review, but see State v. Blackmer, 149 N.H. 47, 48 (2003) (supreme court will not consider any issue not raised before trial court); In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented parties bound by same procedural rules that govern parties represented by counsel), we find it unpersuasive.  It is clear from the trial court's explanation at the conclusion of the trial that its ruling that the defendant placed his life and

those of others at risk was based upon several findings: the defendant drove on Route 9 at a speed between 95 and 100 miles per hour, passing other vehicles and crossing the double yellow line.  To the extent that the defendant challenges the sufficiency of this evidence, he has failed to sustain his burden.  See State v. Collyns, 166 N.H. 514, 517 (2014) (to prevail on his challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt); In the Matter of Henry & Henry, 163 N.H. 175, 181 (2012) (observing that, as the fact finder, the trial court was entitled to accept or reject in whole or in part, the testimony of any witness).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**