# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0322, <u>State of New Hampshire v. Andrew M. Fletcher</u>, the court on September 28, 2022, issued the following:**

Having considered the briefs, oral arguments of the parties, and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Andrew M. Fletcher, appeals an order of the Superior Court (<u>Ruoff</u>, J.) imposing a deferred sentence. He contends that the trial court erred by imposing the sentence in an untimely fashion. We affirm.

The record contains the following procedural history. On February 7, 2019, the defendant pled true to a probation violation and was sentenced to six months in the house of corrections, deferred for one year, and suspended for one year following the end of the deferral period. The sentencing order required the defendant to remain on good behavior during the deferral period, and placed the burden of proof on the defendant to demonstrate his compliance with this requirement. It also required the defendant to file a motion to avoid imposition of the deferred sentence at least thirty days before the expiration of the deferral period.

In October 2019, during the deferral period, the defendant was arrested and charged with misdemeanor driving while intoxicated (DWI). The defendant acknowledges that "the pending DWI charge rendered [him] unable to demonstrate that he had been of good behavior during the deferral period." He thus sought to resolve the DWI charge before litigating his motion to avoid imposition of the deferred sentence.

In March 2020, the trial court held a hearing on the imposition of the deferred sentence. At this hearing, the defendant requested that his sentence be "re-deferred for a period of time." The court granted this request, deferring imposition of the sentence for an additional ninety days. The defendant made three more requests to postpone the deferred sentencing hearing in June 2020, October 2020, and December 2020 based on the pending DWI charge. The December 2020 request provided the following explanation: "[T]he DWI remains outstanding; it's still awaiting scheduling in terms of the next hearing date. The deferred sentence cannot be resolved unless and until the DWI is. For that reason, we're requesting a continuance of no less than 60 days (and recognize

that more may be necessary given the court's scheduling ability). The State assents to this request."

In March 2021, the court held another hearing, at which it requested the parties to brief whether it could still impose the deferred sentence, given that approximately two years had passed since the sentence was originally ordered.

The court scheduled an evidentiary hearing for May 5, 2021. However, due to a witness's scheduling conflict, the State requested a continuance. The trial court granted the continuance, observing that "the postponement may impact the Court's analysis of the 'timely fashion' as discussed in Almodovar." See State v. Almodovar, 158 N.H. 548 (2009). On June 9, the trial court held an evidentiary hearing regarding the defendant's compliance with the good-behavior requirement of his deferred sentence. Although the DWI charges were still pending, the State submitted evidence about the charged offense. On June 16, the trial court issued an order, finding that "the defendant violated the 'good behavior' term of his deferred sentence," and imposing thirty days of the original six-month sentence. The sentencing order also provided that the defendant was eligible for release on electronic monitoring after he served seven consecutive twenty-four-hour periods. This appeal followed.

Sentencing courts have authority to impose a deferred sentence in "a timely fashion" following the expiration of the deferral period. Id. at 553. The question presented in this case is whether the imposition of the deferred sentence in June 2021 was untimely.

In this case, the trial court first held a hearing to impose the defendant's deferred sentence in March 2020, after the defendant failed to file a motion to avoid imposition of the sentence as required by the original sentencing order. At that hearing, defense counsel stated: "[W]e agree that it's not appropriate today for the sentence to be suspended. What we're asking for is that it be re-deferred for a period of time. I'll leave that period of time to the Court." The defendant subsequently made at least three more requests to postpone his deferred sentencing hearing, including his December 2020 request in which he requested a continuance of "no less than 60 days."

Following an evidentiary hearing in June 2021, the trial court found that "any delay in imposing the deferred sentence within the original deferral period was caused — almost exclusively — by the defendant." Recognizing the absence of case law addressing the "timeliness" issue and the procedural history of the case, the court ruled that imposition of the deferred sentence was timely.

On appeal, the defendant raises several challenges to the trial court's timeliness ruling. Because he did not file a motion to reconsider to bring to the trial court's attention alleged errors that first became apparent in its order, we

2

limit our review of his appellate challenges.  See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002) (alleged errors first presented in trial court order must be raised in motion for reconsideration to be preserved for appellate review).

Though the defendant asserts that the State was not required to wait for the conclusion of the DWI prosecution before deciding to seek imposition of the deferred sentence, the record reflects that it was the defendant who requested four continuances through December 2020 and that the State assented to each request.  After repeatedly requesting postponements of his deferred sentencing hearing, the defendant cannot now complain that the trial court imposed a sentence in a manner consistent with his own requests.

Based upon the facts of this case, we conclude that the trial court did not err by imposing the reduced portion of the defendant's deferred sentence in June 2021.  The defendant's remaining arguments warrant no further discussion.  See State v. Blackmer, 149 N.H. 47, 48 (2003).

Affirmed.


MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.


**Timothy A. Gudas,**
**Clerk**

3