# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0437, <u>Jose D. Marquez v. Miraco Inc.</u>, the court on February 1, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The plaintiff, Jose D. Marquez, appeals orders of the Superior Court (<u>Nicolosi</u>, J.) dismissing his claims against the defendant, Miraco, Inc., granting the defendant's motion for default judgment against him as to its counterclaim, and awarding the defendant approximately $27,000 in attorney's fees. We affirm.

We first consider the trial court's order dismissing the plaintiff's claims. In reviewing a trial court's grant of a motion to dismiss, we consider whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. <u>Cluff-Landry v. Roman Catholic Bishop of Manchester</u>, 169 N.H. 670, 673 (2017). We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to him. <u>Id</u>. However, we need not assume the truth of statements in the plaintiff's pleadings that are merely conclusions of law. <u>Id</u>. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. <u>Id</u>. Based upon our review of the parties' written arguments, the relevant law, the record on appeal, and the trial court's well-reasoned decision, we find the plaintiff's appellate arguments unpersuasive, and uphold the trial court's dismissal of his claims. <u>See</u> <u>Sup. Ct. R.</u> 25(8).

The plaintiff has neither fully briefed nor preserved any appellate arguments related to the trial court's granting of the defendant's motion for default judgment or the award of attorney's fees to the defendant. Under these circumstances, any issue regarding the default judgment and award of attorney's fees is waived. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 48-49 (2003).

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**
