**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0334, <u>State of New Hampshire v. Kathleen Bossi</u>, the court on January 19, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Kathleen Bossi, appeals her conviction for criminal trespass. <u>See</u> RSA 635:2, III(b)(2) (Supp. 2023). She argues that the Trial Court (<u>Stephen</u>, J.) erred: (1) "by taking jurisdiction over a civil dispute"; and (2) "by refusing to recognize the irrevocable license of the defendant, an invitee, to enter and remain in a public accommodation during normal business hours." We affirm.

The record contains the following evidence. The Timberlane Regional School Board scheduled an in-person school board meeting at the Timberlane Regional High School performing arts auditorium on May 20, 2021. In May 2021, the school board required that anyone entering school property, including the auditorium, wear a mask. This requirement was posted on the doors to the performing arts center. The agenda for the meeting also stated: "Attendees are asked to wear appropriate face coverings and practice social distancing protocols." The school board and superintendent requested police officers be posted "in case there was an issue" and to enforce the mask policy.

Plaistow Police Officer Schiavone was assigned to "keep the peace at the meeting." When Schiavone arrived at the arts center, he observed people in the entryway attempting to enter the auditorium without masks. He "stopped them, stood in front of them, and said to them, I'm sorry, you can't come in unless you have a mask." People in the entryway told him that he could not enforce the mask policy.

Sergeant Porter was also assigned to patrol the performing arts center due to the likelihood that protesters would attend to protest "the wearing of masks and personal protection." When he arrived on site, Schiavone called him and requested assistance in the entryway with eight or nine people, including the defendant, who were trying to enter without masks. Porter testified that the crowd was "boisterous," repeatedly telling the officers that "it wasn't right" that they could not enter without masks.

When Porter explained to the defendant that she "was not allowed into the performing arts center without wearing a mask," she told him that she was going to enter without a mask and that he could not stop her. As Porter saw the

defendant walking toward the auditorium, he said, "you can't go in there" and reached out and grabbed either her arm or a sign that she was holding. She responded "you can't touch me" and forced her way into the auditorium. Porter then told her that she was under arrest. When she pulled her arms away as he was attempting to handcuff her, he advised her that he would also arrest her for resisting arrest if she "continued on." After she then allowed herself to be handcuffed, she was placed inside a cruiser where she refused to give her name. While Porter was attempting to book the defendant, he received a call for backup at the performing arts center. He responded and learned that the meeting was now being held on Zoom.

As a result of her actions, the defendant was charged with two offenses: class B misdemeanor criminal trespass and class B misdemeanor disorderly conduct. Following a bench trial, the court ruled that the State had met its burden of proof to establish that the defendant was guilty of criminal trespass:

> The meeting was proper[ly] held in a place, here a public building, and the Defendant was ordered twice by a police officer to not enter without a mask pursuant to a posted requirement. Sergeant Porter had sufficient authority to keep everyone masked to allow for the meeting to be conducted in a safe and peaceful manner. The Defendant defied the order and walked a few feet into the auditorium in defiance of an order not to enter without a mask and personally communicated to her by Sergeant Porter.

The court then found the defendant guilty on both charges but "conditionally dismissed" the disorderly conduct charge until such time as appellate rights are exhausted "because these facts are very similar to the facts alleged in the criminal trespass charge and, much like an alternative theory case, the Court deems it just to enter a conviction and sentence on only one charge." This appeal followed.

In her challenge to the trial court's ruling, the defendant advances two main arguments: (1) the trial court "erred by taking jurisdiction over a civil dispute that was misclassified by the arresting officer as a crime"; and (2) the court erred "by refusing to recognize the irrevocable license of the defendant, an invitee, to enter and remain in a public accommodation during normal business hours." Although the State contends that the defendant has failed to sufficiently brief her challenge, we will address her main arguments on the merits.

RSA 635:2 (Supp. 2023) provides:

> I.     A person is guilty of criminal trespass if, knowing that he is not licensed or privileged to do so, he enters or remains in any place.

2

II.     Criminal trespass is a misdemeanor for the first offense and a class B felony for any subsequent offense if the person knowingly or recklessly causes damage in excess of $1,500 to the value of the property of another.

III.     Criminal trespass is a misdemeanor if:

(a) The trespass takes place in an occupied structure as defined in RSA 635:1, III; or

(b) The person knowingly enters or remains:

(1) In any secured premises;

(2) In any place in defiance of an order to leave or not to enter which was personally communicated to him by the owner or other authorized person;

. . . .

A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo. State v. Bell, 175 N.H. 382, 385 (2022). To prevail on this challenge, the defendant must establish that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. Id.

Citing State v. Jones, 172 N.H. 774 (2020), the defendant first argues that her conviction cannot stand because the State did not establish that she "had any reason to know or believe that she was not licensed or privileged to patronize Timberlane Regional School Board since [she] had consent to be on the premises during its normal business hours, as an invitee, as were other patrons at the time." Our decision in Jones does not provide support for her argument. In Jones, we were asked to determine whether the defendant was seized during an encounter with the arresting officers. Jones, 172 N.H. at 775. Because the officer who interacted with the defendant at the time of the stop did not testify at the suppression hearing, we concluded that the trial court had insufficient evidence to determine whether the officer "explicitly communicated that he was restraining the defendant's freedom through a show of authority." Id. at 777-78.

In contrast, in this case, the evidence, viewed in the light most favorable to the State, establishes that the defendant knew that she was not licensed or privileged to enter the performing arts auditorium without a mask. In its agenda, the school board asked attendees to wear masks. There was a sign stating this requirement posted on the door to the performing arts center.

3

Porter testified that he communicated "directly" to the defendant that she "was not allowed into the performing arts center without wearing a mask." In addition, Schiavone testified that he heard Porter say, "no, you cannot go in." He then heard someone say, "I'm going." He observed "a female walking towards the doorway to enter into the auditorium itself" and Porter "right behind her saying, no, you cannot go in there; come back; stop." Schiavone identified the defendant at trial as the female that he had observed. As we have often observed, the trial court is tasked with determining the credibility of witnesses; we will affirm its assessment if supported by the evidence. See State v. Gourlay, 148 N.H. 75, 78 (2002) (credibility of witnesses is for trial court to determine); State v. Monegro-Diaz, 175 N.H. 238, 244 (2022) (concluding that trial court's credibility finding was reasonable and supported by the evidence). In this case, the evidence supports the trial court's ruling.

The defendant argues that Porter did not have authority to order her to leave the premises. See State v. Ruff, 155 N.H. 536, 539 (2007) (observing that because criminal trespass statute does not define "authorized person," consultation with dictionary for ordinary meaning is merited). The term "authorized" commonly means, inter alia, "endowed with authority." Id. (citing Webster's Third New International Dictionary 147 (unabridged ed. 2002)). And "authority" means the "power to require and receive submission." Id. (citing Webster's Third New International Dictionary 146 (unabridged ed. 2002)). The defendant's challenge to Porter's authority is contradicted by the evidence presented at trial. The school board chair testified that the school superintendent had asked the Plaistow Police Department to be present before and during the school board meeting. Both officers testified that they were asked to be present to enforce the requirement that individuals on school property wear masks.

The defendant also argues that the case should have been dismissed because "[r]efusing to wear a surgical mask as a condition for attending a public meeting at Timberlane Regional School Board is not a crime." The school board did condition the license or privilege to enter the auditorium on wearing a mask, and it authorized the Plaistow Police Department to enforce the policy. Because the defendant entered the auditorium without license or privilege, she was arrested for criminal trespass. See RSA 635:2. To the extent that the defendant argues that the school board lacked authority to impose such a condition, it is her burden on appeal to demonstrate that the trial court erred by failing to rule that the school board lacked such authority. Having carefully reviewed the defendant's arguments in her brief, we conclude that she has failed to demonstrate such error.

To the extent that the defendant's brief may be construed to raise other issues, her arguments are undeveloped; accordingly, we decline to address them. See State v. Blackmer, 149 N.H. 47, 49 (2003) (without developed legal

4

argument, "a mere laundry list of complaints regarding adverse rulings by the trial court" is insufficient to warrant appellate review).

The State presented sufficient evidence to establish all of the elements of criminal trespass. <u>See</u> RSA 635:2, III(b). Accordingly, we conclude that the defendant has failed to satisfy her burden of proving that no rational trier of fact could have found her guilty beyond a reasonable doubt. <u>See, e.g.</u>, <u>Ruff</u>, 155 N.H. at 540.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., did not participate in the final vote, <u>see</u> N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**
**Clerk**