# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0271, <u>State of New Hampshire v. Christopher C. Derrico</u>, the court on July 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Christopher C. D'Errico, appeals his convictions by the Circuit Court (<u>Stephen</u>, J.), on charges of animal cruelty for leaving dogs confined in a crate within a vehicle on two separate occasions. <u>See</u> RSA 644:8 (Supp. 2023). We construe his brief to be challenging the sufficiency of the evidence to support the convictions. We affirm.

A challenge to the sufficiency of the evidence presents a question of law that we review <u>de novo</u>. <u>State v. Cullen</u>, 175 N.H. 628, 630 (2023). It is the defendant's burden on appeal to prove that no rational trier of fact, viewing all the evidence and all reasonable inferences drawn from it in the light most favorable to the State, could have found the essential elements of the charged offenses beyond a reasonable doubt. <u>Id</u>. As the trier of fact, the trial judge is free to accept or reject any portion of any witness's testimony, and to resolve conflicts in testimony. <u>State v. Carr</u>, 167 N.H. 264, 275 (2015). Credibility determinations are within the province of the trier of fact and will be upheld unless no rational trier of fact could have reached the same conclusion. <u>Id</u>.

In this case, the trial court found that the defendant violated RSA 644:8, III(a) and RSA 644:8, III(h) when he left multiple dogs confined in a crate in a parked vehicle on two hot summer days. RSA 644:8, III(a) makes it unlawful to "negligently deprive[] or cause[] to be deprived any animal in [the defendant's] possession or custody necessary care, sustenance or shelter." RSA 644:8, III(h) makes it unlawful to "negligently permit[] or cause[] any animal in [the defendant's] possession or custody to be subjected to cruelty, inhumane treatment, or unnecessary suffering of any kind." To establish that the defendant acted with criminal negligence, the State was required to prove that he "fail[ed] to become aware of a substantial and unjustifiable risk that the material element[s] [of RSA 644:8, III] exist[] or will result from his conduct," and that "[t]he risk [was] of such a nature and degree that his failure to become aware of it constitute[d] a gross deviation from the conduct that a reasonable person would observe in the situation." RSA 626, II(d) (2016). Leaving a dog confined in a hot vehicle may constitute criminal negligence for purposes of RSA 644:8, III. <u>See</u> <u>State v. Butler</u>, 175 N.H. 444, 448-49 (2022).

Viewed most favorably to the State, see Cullen, 175 N.H. at 630, the evidence in this case establishes that on July 30, 2022, when the outside temperature was 80 degrees Fahrenheit, the defendant left three dogs in a single crate in the covered bed of a truck parked in the sun without adequate ventilation. Although the investigating officer was able to determine that the truck had not been parked there for long, it was much hotter inside the truck where the dogs were than it was outside, the three dogs were "crammed" in the crate in close proximity to each other, and the defendant had gone into a gambling establishment "for a few" and had left a note on the truck claiming that the dogs had water and a "mist" machine and directing anyone who had a concern about the dogs to call him. Although the officer elected not to arrest the defendant at that time, he told the defendant that it was irresponsible to leave the dogs in those conditions while he gambled and directed him to let the dogs out to "use the bathroom" and to then "head straight home" with them.

One month later, on August 30, 2022, the defendant left two large dogs inside a single crate in a different parked vehicle for at least two hours with inadequate ventilation. It was 84 degrees Fahrenheit outside, significantly hotter inside the vehicle, the crate was not large enough to accommodate the two dogs, and the dogs were showing signs of distress. After the investigating officer removed the dogs from the car and brought them into an air-conditioned building, the dogs appeared to be "desperately thirsty" and drank water "desperately." The defendant told the investigating officer that he had left the dogs in those conditions because they were "outdoor dogs."

On this evidence, a rational trier of fact could have found the essential elements of the charged offenses beyond a reasonable doubt. See id. Although the defendant disputes much of the testimony of the State's witnesses and questions their veracity, a rational trier of fact could have come to a different conclusion than the defendant in evaluating the witnesses' credibility. See Carr, 167 N.H. at 275. To the extent the defendant raises additional arguments in his brief, the arguments are not sufficiently developed. See State v. Blackmer, 149 N.H. 47, 49 (2003).

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2