# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0592, <u>State of New Hampshire v. Matthew S. Roz</u>, the court on August 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Matthew S. Roz, was convicted on three counts of armed robbery.  <u>See</u> RSA 636:1 (2016).  On appeal, he argues that the Superior Court (<u>Honigberg</u>, J.) erred by admitting evidence of his poverty to prove that he had a motive to commit the robberies.  In addition to arguing that the trial court sustainably admitted evidence of the defendant's financial situation, the State argues that any error was harmless beyond a reasonable doubt.  We affirm.

The defendant was charged with three armed robberies in Salem — robbing a Gulf gas station on April 27, 2019; a candy store on December 6, 2019; and a Mobil gas station on December 9, 2019.  The court denied the defendant's motion <u>in</u> <u>limine</u> to exclude evidence of his financial circumstances, which permitted the State to introduce evidence of his poverty at trial.  We will assume, without deciding, that by doing so, the trial court erred.  The State contends, nevertheless, that the error was harmless.

> [T]o establish harmless error, the State must prove beyond a reasonable doubt that the error did not affect the verdicts. . . .  We consider the alternative evidence presented at trial as well as the character of the erroneously admitted evidence itself.  To determine whether the State has proven beyond a reasonable doubt that an error did not affect the verdict, we must evaluate the totality of the circumstances at trial.

> The factors that we have considered in assessing whether an error did not affect the verdict include, but are not limited to: (1) the strength of the State's case; (2) whether the admitted or excluded evidence is cumulative or inconsequential in relation to the strength of the State's case; (3) the frequency of the error; (4) the presence or absence of evidence corroborating or contradicting the erroneously admitted or excluded evidence; (5) the nature of the defense; (6) the circumstances in which the evidence was introduced at trial; (7) whether the court took any curative steps; (8) whether the evidence is of an inflammatory nature; and (9) whether the other evidence of the defendant's guilt is of an overwhelming nature.  No one factor is dispositive.  This court may

consider factors not listed above, and not all factors may be implicated in a given case.

State v. Boudreau, 176 N.H. 1, 11-12 (2023) (quotations, citations, and brackets omitted).

In this case, the other evidence of the defendant's guilt is overwhelming. The three armed robberies were captured on surveillance video. The defendant's ex-wife testified that she believed the person in the videos was the defendant. The videos all showed a distinctive white Toyota Tundra truck at the scene of the robberies. The defendant owned such a truck, and when it was searched by the police, they found clothes and masks matching those worn by the robber, a knife that was similar to the knife used in one of the robberies, and a toy gun identified by one of the victims as the gun used in one of the robberies. When first interviewed by the police, the defendant admitted that the truck was his and he was the only person who used it. Furthermore, testimony from an expert in the analysis and interpretation of cell phone location records indicated that the defendant's phone was in the proximities of the December 6 and 9 robberies when they occurred.

The evidence of the defendant's poverty was not inflammatory, cf. State v. Richardson, 138 N.H. 162, 169 (1993) ("[T]he defendant's graphic boasting about killing a police officer was so inflammatory that we cannot say beyond a reasonable doubt that it had no effect on the jury's verdict."), and was inconsequential in relation to the strength of the State's case. We conclude that the State has demonstrated beyond a reasonable doubt that any error in admitting that evidence did not affect the verdict, and therefore any error was harmless.

Any issue raised in the notice of appeal, but not briefed, is deemed waived. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**