# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0524, <u>S.R. v. R.G.</u>, the court on July 2, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(3).  The defendant, R.G., appeals a civil stalking final order of protection issued by the Circuit Court (<u>Walch</u>, J.) in favor of the plaintiff, S.R.   <u>See</u> RSA 633:3-a, III-a (2016).  We affirm.

The trial court's determination that the defendant stalked the plaintiff was based on RSA 633:3-a, I(c) (2016), which defines stalking to include a single act of conduct that both violates the provisions of a protective order and is listed in RSA 633:3-a, II(a).   Specifically, the trial court found that the defendant stalked the plaintiff when, "[a]fter having been served with a temporary Stalking order issued pursuant to RSA 633:3-a, Defendant was present outside within 300 feet of Plaintiff in violation of the temporary order, and while looking at Plaintiff in her vehicle, made various gestures with her hand or hands."

On appeal, the defendant has developed no argument challenging these findings.  <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003) (declining to address arguments that were not sufficiently developed for appellate review).  Instead, she argues that the evidence was insufficient to establish that she caused the plaintiff reasonably to fear for her own safety or the safety of a member of her family.  However, whether the plaintiff feared for her own safety or the safety of a member of her family has no relevance to the variant of stalking under RSA 633:3-a, I(c) that makes it unlawful to violate a protective order by conduct enumerated in RSA 633:3-a, II(a).  The defendant also argues that the trial court violated her right under the First Amendment to the Federal Constitution by relying on a "protest" in which she engaged.   However, the trial court did not rely on a protest in finding that the defendant violated the temporary protective order.

To the extent the defendant raised additional issues in her notice of appeal, "a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." Id.

Affirmed.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**