NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2021-0511


CITY OF PORTSMOUTH, NEW HAMPSHIRE POLICE COMMISSION/POLICE
DEPARTMENT

v.

PORTSMOUTH RANKING OFFICERS ASSOCIATION, NEPBA, LOCAL 220

Argued: October 4, 2022
Opinion Issued: June 7, 2023


Jackson Lewis, PC, of Portsmouth (Thomas M. Closson on the brief and orally), for the plaintiff.


Nolan │ Perroni, PC, of North Chelmsford, Massachusetts (Peter J. Perroni on the brief and orally), for the defendant.


BASSETT, J. The plaintiff, City of Portsmouth, New Hampshire Police Commission/Police Department (the City), appeals the decision of the Superior Court (Honigberg, J.) denying the City's request to modify, correct, or vacate an arbitrator's award of backpay to Aaron Goodwin, a police officer who was previously employed by the City and who is a member of the defendant organization, Portsmouth Ranking Officers Association, NEPBA, Local 220 (the Union). See RSA 542:8 (2021); RSA 542:10 (2021). The arbitration arose from

a grievance filed by the Union challenging Goodwin's termination.  The arbitrator found that the City wrongfully terminated Goodwin and awarded him approximately twenty-six months of backpay.  The superior court confirmed the arbitrator's termination decision and backpay award.  On appeal, the City argues that the arbitrator committed plain mistake because she failed to correctly apply the after-acquired-evidence doctrine in determining the amount of the backpay award.  Because we agree with the City that the arbitrator committed a plain mistake of law in reaching the backpay award, we reverse in part, vacate the superior court's confirmation of the arbitrator's award, and remand.

The arbitrator found, or the record supports, the following facts.  In 2010, Goodwin was employed by the City as a police officer and was a member of the Union.  While on duty, Goodwin met Geraldine Webber, who was then 92 years old.  Over the next two years, Goodwin provided Webber with companionship and became increasingly involved in her affairs.  At some point, Webber expressed a desire to leave her house and other assets to Goodwin.  Goodwin assisted Webber in finding an attorney to help her execute a new will, which she did in May 2012.  In December 2012, Webber (hereinafter "the decedent") passed away.  Her new will left the majority of her estate to Goodwin.

The City created a Task Force to conduct an independent inquiry into Goodwin's relationship with the decedent.  In June 2015, the Task Force issued its report, which concluded that Goodwin's "conduct in fostering a relationship with [the decedent] and not repudiating [her] bequest violated certain provisions of the Portsmouth Code of Ethics and the Police Department Duty Manual."  It further concluded that the Police Department command staff and the Police Commission, although aware of the nature of Goodwin's relationship with the decedent and her bequest to him, failed to take "appropriate action."  Based on the Task Force report, the City terminated Goodwin on June 24, 2015.  The Union timely filed a grievance under the terms of the parties' Collective Bargaining Agreement (CBA), which proceeded to arbitration.

Meanwhile, the beneficiaries of the decedent's prior will initiated an action in circuit court to contest the new will.  On August 20, 2015, the Circuit Court (Cassavechia, J.) issued an order in the will contest (the Probate Decision), concluding that the decedent's 2012 will and other estate planning documents "must be invalidated as the product of undue influence exerted by . . . Goodwin."

In June 2016, the City notified the Union that it intended to introduce the Probate Decision at the arbitration hearing to justify its termination of Goodwin and as mitigating evidence relative to any remedy.  The parties then litigated the admissibility of the Probate Decision.  The arbitrator concluded

that the Probate Decision was not admissible in the arbitration to supply the "just cause" for Goodwin's termination, but would be admissible at the remedy phase of the proceeding.

On August 7, 2017, after an evidentiary hearing on the merits, the arbitrator concluded that the City did not have just cause to terminate Goodwin based solely on the Task Force report. The arbitrator explained: "Although, I have determined the [City] did not have just cause to terminate . . . Goodwin it is not because he did nothing wrong." Rather, the arbitrator found no just cause because the City did not enforce its rules correctly and Goodwin "was improperly supervised when he was not informed his conduct was violating Department Rules and he needed to denounce [the decedent's] bequests."

Following a separate evidentiary hearing as to the appropriate remedy for Goodwin's wrongful termination, the arbitrator ruled that Goodwin's wrongdoing, as found in the Probate Decision, "was so severe that alone, it was cause for [his] termination if the City had known of the wrongdoing at the time of the discharge." The arbitrator therefore refused to reinstate Goodwin.

Nonetheless, as a remedy for Goodwin's wrongful termination, the arbitrator awarded him backpay. In crafting the backpay award, the arbitrator considered the parties' relative fault: Although the arbitrator noted the severity of Goodwin's conduct, she also concluded that the City failed to afford Goodwin the process he was due as a public employee protected by the CBA and considered the Police Department's command staff's failure to properly supervise Goodwin. After weighing these considerations, the arbitrator awarded Goodwin backpay from the date of his termination on June 24, 2015, to August 7, 2017, the date the arbitrator found that Goodwin's dismissal based solely on the Task Force report was not supported by just cause.

The City then filed in the superior court its challenge to the arbitrator's award of backpay. See RSA 542:8. Following a hearing, the court ruled that it could not "find a 'plain mistake' of fact or law that would justify doing anything other than confirming the arbitrator's decision in full." This appeal followed. See RSA 542:10.

Judicial review of an arbitrator's award is limited. Keene Sch. Dist. v. Keene Educ. Ass'n, 174 N.H. 796, 801 (2022). RSA 542:8 provides that a party to arbitration may apply to the superior court to confirm, correct, or modify an award for "plain mistake," or to vacate an award "for fraud, corruption, or misconduct by the parties or by the arbitrators, or on the ground that the arbitrators have exceeded their powers." We have defined a "plain mistake" as "an error that is apparent on the face of the record and which would have been corrected had it been called to the arbitrators' attention." Finn v. Ballentine Partners, LLC, 169 N.H. 128, 145 (2016) (quotation omitted). To demonstrate

plain mistake, "[i]t must be shown that the arbitrators manifestly fell into such error concerning the facts or law, and that the error prevented their free and fair exercise of judgment on the subject." Id. (quotation omitted). We therefore consider arbitral awards with deference to the arbitrator. Id.

On appeal, although the City does not dispute that Goodwin is entitled to backpay, it challenges the amount of backpay awarded. The City argues that the arbitrator should have awarded backpay only through August 20, 2015 — the date of the Probate Decision — and that the award of backpay through August 7, 2017 was the result of the arbitrator's mistaken application of the after-acquired-evidence doctrine. The Union counters that the arbitrator correctly applied the after-acquired-evidence doctrine to the facts by identifying extraordinary equitable circumstances that justified the award. We therefore begin with a discussion of the after-acquired-evidence doctrine.

After-acquired evidence is evidence of an employee's misconduct — discovered by the employer after it has terminated the employee for an unlawful reason — which is so severe that the employer would have terminated the employee on those grounds alone had it known of the misconduct at the time of the discharge. See McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 361-63 (1995). Under the after-acquired-evidence doctrine, employers may introduce such evidence in defense of wrongful or unlawful termination claims to bar or limit the employee's recovery. See id.; McDill v. Environamics Corp., 144 N.H. 635, 640-41 (2000).

In McKennon, the United States Supreme Court held that, in order for the employer to rely on after-acquired evidence of the employee's wrongdoing to bar or limit the employee's remedy, it "must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." McKennon, 513 U.S. at 362-63. If the employer meets this burden, "neither reinstatement nor front pay is an appropriate remedy" for the underlying unlawful termination. Id. at 362.

However, the Court held that the doctrine did not necessarily bar all recovery. See id. It explained: "The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered." Id. It further stated that, in determining the appropriate remedy, the lower tribunal "can consider taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party." Id.

We subsequently adopted and applied the general principles laid out in McKennon. See McDill, 144 N.H. at 640-41; Appeal of N.H. Dept. of Employment Security, 140 N.H. 703, 712-13 (1996). In McDill, we held that the after-acquired-evidence doctrine applies differently depending on the basis

for the employee's wrongful termination claim: With respect to contract-based claims, the doctrine can serve as a complete bar to recovery, whereas, in tort-based claims, the doctrine may be used only to mitigate the employee's damages.  See McDill, 144 N.H. at 640-41.  Because the parties agree that, as applied here, the after-acquired-evidence doctrine may serve to mitigate, not bar, Goodwin's damages, we assume, without deciding, that this is the proper rule.

Here, the City terminated Goodwin on June 24, 2015, and discovered after-acquired evidence of his wrongdoing on August 20, 2015, when the Probate Decision issued.  In extending the backpay award beyond August 20, 2015, the arbitrator weighed four extraordinary equitable circumstances: She considered "the severity of . . . Goodwin's actions" as determined in the Probate Decision as weighing in the City's favor.  On the other hand, in Goodwin's favor, the arbitrator weighed the City's failure — after the Probate Decision — to afford Goodwin the procedural due process protections required by Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), and the process guaranteed by the CBA, as well as the failure of the Police Department command staff to properly supervise Goodwin.

The City argues that the arbitrator was plainly mistaken when she relied on the lack of due process as an equitable circumstance because her underlying legal conclusion was incorrect — the City did not violate Goodwin's due process rights.  In essence, the City claims that the arbitrator committed a plain mistake of law by misapplying the law to the facts of this case.  As relevant to this appeal, an arbitral award may be vacated for a plain mistake of law if the arbitrator "clearly misapplied the law to the facts."  Finn, 169 N.H. at 146; see also John A. Cookson Co. v. N.H. Ball Bearings, 147 N.H. 352, 361-62 (2001) (concluding that arbitrator committed plain mistake when, due to "an error of law," arbitrator denied plaintiff interest on an award).  We therefore consider whether the arbitrator clearly misapplied the law to the facts when she concluded that the City violated Goodwin's due process rights.

Neither party appears to dispute the arbitrator's conclusion that Goodwin, a public employee protected by a CBA, had a property interest in his continued employment that entitled him to procedural due process protections.  But see Appeal of Alexander, 163 N.H. 397, 407-08 (2012) (observing that public employment alone does not rise to the level of a protected property right and concluding that appellant had not shown he had a protected property interest in continued public employment because he failed to cite a provision of the CBA creating such an interest).  Rather, the parties disagree about whether the arbitrator was correct in concluding that, because the Probate Decision served as a second basis for Goodwin's termination, Goodwin was entitled under Loudermill to notice of this new ground for termination and an opportunity to be heard after the Probate Decision issued.  The City argues that this determination was error because, under the circumstances presented,

5

all that was required to satisfy due process was for the City to provide Goodwin notice that it intended to rely on the Probate Decision in the arbitration, which the City did. The Union asserts that the process was insufficient because the City did not give Goodwin notice or a <u>Loudermill</u> hearing prior to relying on the Probate Decision as a basis for his termination. We agree with the City.

The arbitrator erred when she treated the Probate Decision as a second basis for Goodwin's <u>termination</u> for which he was entitled to notice and an opportunity to be heard pursuant to <u>Loudermill</u>. The City terminated Goodwin only once, and that termination was based on the Task Force report. As after-acquired evidence, the Probate Decision could not have served as a basis for his termination. <u>See</u> <u>McKennon</u>, 513 U.S. at 360 (explaining that "[t]he employer could not have been motivated by knowledge it did not have" at the time of termination); <u>see also</u> <u>Brown v. Fayetteville State University</u>, 837 S.E.2d 390, 396 (N.C. App. Ct. 2020) ("[A]fter-acquired evidence of misconduct does not serve as a justification for the <u>termination</u>."). Nor did it. The arbitrator ruled that the Probate Decision was not admissible to justify Goodwin's termination.

Instead, consistent with <u>McKennon</u>, the Probate Decision was admitted as evidence that could mitigate the remedy for Goodwin's wrongful termination. <u>See</u> <u>McKennon</u>, 513 U.S. at 360-61. The City notified the Union that it intended to use the Probate Decision for that purpose, and Goodwin had the benefit of an evidentiary hearing before the arbitrator on the issue of whether the after-acquired evidence of the Probate Decision should preclude him from receiving the <u>remedy</u> of reinstatement or otherwise mitigate his damages. In short, the August 2015 Probate Decision was not — nor, as a matter of law, could it have been — a basis for Goodwin's termination, which occurred on June 24, 2015.

<u>Loudermill</u> is inapposite under these circumstances. Under <u>Loudermill</u>, a public employee with a property interest in continued employment is entitled to notice of the charges against him and an opportunity to be heard before termination. <u>See</u> <u>Loudermill</u>, 470 U.S. at 542, 546. The function of this <u>Loudermill</u> process is to provide an opportunity to test the evidence supporting a proposed <u>termination</u> and thereby prevent wrongful termination. <u>See</u> <u>id</u>. at 545-46. <u>Loudermill</u> does not stand for the proposition that the same notice and opportunity to be heard are required under these circumstances — when the evidence at issue will not be used as a basis for the employee's termination.

Additionally, even assuming for the sake of argument that, as the Union contends, the Probate Decision constituted a "new or different" ground for Goodwin's termination, an opportunity for a <u>Loudermill</u> hearing following the Probate Decision would have been futile. The purpose of a <u>Loudermill</u> hearing is to <u>prevent</u> a wrongful termination in the first instance by ensuring that there are reasonable grounds to support termination. <u>Id</u>. at 545-46. Here, at the

6

time of the Probate Decision, Goodwin had already been terminated on the basis of the Task Force report.  Accordingly, even if he had been afforded a Loudermill hearing regarding his wrongdoing as reflected in the Probate Decision, that hearing could not have served its intended purpose: to prevent his initial wrongful discharge.

We conclude that, because, as after-acquired evidence, the Probate Decision was not used to justify Goodwin's termination, but only to mitigate his remedy, the arbitrator misapplied the law to the facts when she treated the Probate Decision as a second ground for Goodwin's termination and determined that he was entitled to Loudermill protections on that basis.  Put simply, the arbitrator erred when she determined that the City violated Goodwin's due process rights and relied on that legal conclusion as an extraordinary equitable circumstance.  We further conclude that the City has shown that the arbitrator, by relying in part on an erroneous legal conclusion, committed an error of law that prevented her "free and fair exercise of judgment" regarding the backpay award.  Finn, 169 N.H. at 145 (quotation omitted).  Accordingly, the trial court also erred when it found that the arbitrator did not commit plain mistake.

Because the weight that the arbitrator assigned to each of the four equitable circumstances is not clear, we vacate the superior court's confirmation of the arbitrator's award, see Stowell v. Andrews, 171 N.H. 289, 304 (2018), and remand to the superior court with instructions to remand to the arbitrator to reconsider the backpay award in light of this opinion,[1] see Cookson, 147 N.H. at 362.  Any issue raised in the notice of appeal that was not briefed is deemed waived.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

Reversed in part; vacated in part; and remanded.

MACDONALD, C.J., and HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.

---

[1] Given that the backpay award may change upon remand, we need not address the City's argument that "there is nothing legally relevant" about the date the arbitrator designated as the end point of the backpay award, August 7, 2017.

7