# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0617, <u>In the Matter of James Anderson, Jr. and Jennifer Tveter</u>, the court on April 3, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Jennifer Tveter (mother), appeals a final decree of the Circuit Court (<u>Steckowych</u>, J.), issued following a two-day hearing, adopting, among other things, a parenting plan and uniform support order with respect to the mother, the father, James Anderson, Jr., and their child in common. We affirm.

The trial court is afforded wide discretion in determining matters of parental rights and responsibilities and child support; accordingly, when reviewing such decisions, "our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion." <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011); <u>see also</u> <u>In the Matter of Ndyaija & Ndyaija</u>, 173 N.H. 127, 140 (2020). "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." <u>Kurowski</u>, 161 N.H. at 585 (quotation omitted). "The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses." <u>Id</u>. "Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve." <u>Id</u>. Indeed, resolution of what is in the best interest of a child, which is the trial court's overriding concern, depends to a large extent upon the firsthand assessment of the credibility of witnesses; accordingly, the findings of the trial court are binding upon this court if supported by the evidence. <u>See</u> <u>id</u>.; <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 281 (2006). "To the extent an appealing party argues that the trial court committed error involving questions of law, we review such issues <u>de novo</u>." <u>Kurowski</u>, 161 N.H. at 585.

On appeal, the mother first argues that the trial court "failed to consider" or "ignored" a variety of evidence, circumstances, and arguments advanced by the mother. For example, among many other things, the mother contends that the trial court failed to consider the best interest of the child when it ordered an approximately equal parenting schedule, and when it ordered joint decision-making with respect to major decisions such as medical and educational matters.

The extensive record in this case demonstrates, to the contrary, that the trial court <u>did</u> carefully consider the evidence and arguments advanced by both parties. Indeed, in weighing the evidence and the parties' respective positions, the trial court expressly considered the best interest of the child, and, in reaching its thorough and well-reasoned decision, correctly noted that the child "deserves no less than the full measure of proper parenting each parent can provide." <u>See, e.g.</u>, RSA 461-A:2, I (2018) ("[C]hildren do best when both parents have a stable and meaningful involvement in their lives . . . ."). The trial court also emphasized that its findings and rulings "were made after due consideration of all arguments presented, the affidavits and exhibits admitted[,] and after carefully assessing the demeanor and credibility of each witness," and that they "were made to provide for the best interests of [the child], moving forward, and take into account the high level of mistrust each parent has for the other, and the history of inability to effectively co-parent this child." At base, the mother's arguments challenge the trial court's credibility determinations and weighing of the evidence; however, it is well-established that those matters are for the trial court to resolve. <u>See</u> <u>Kurowski</u>, 161 N.H. at 585. Accordingly, based upon our review of the record, we are not persuaded that the trial court unsustainably exercised its discretion in reaching its decision. <u>See</u> <u>id.</u>; <u>Ndyaija</u>, 173 N.H. at 140.

The mother's remaining arguments — alleging constitutional violations and purportedly discriminatory decisions by the trial court — either are not preserved, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 48 (2003), are not adequately developed for our review, <u>see</u> <u>id.</u> at 49 (explaining that complaints about adverse rulings, and off-hand or passing references to constitutional rights, without developed legal argument, are insufficient to warrant appellate review), or otherwise do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993). To the extent that the mother contends that the trial judge was biased, or that he otherwise should have disqualified himself, we disagree. Based upon our review of the record, we cannot conclude that a reasonable person would have questioned the trial judge's impartiality. <u>See</u> <u>Sup. Ct. R.</u> 38, Rule 2.11; <u>State v. Bader</u>, 148 N.H. 265, 270-71 (2002) (observing, among other things, that adverse rulings alone do not render a judge biased). Lastly, we note that any issues raised in the mother's notice of appeal that were not briefed are waived. <u>See</u> <u>In re Estate of King</u>, 149 N.H. 226, 230 (2003).

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**