# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0194, <u>Kerry Brady & a. v. Ducharme Construction Management, LLC & a.</u>, the court on August 20, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendants, Ducharme Construction Management, LLC and Jimmy Ducharme, appeal an order of the Superior Court (<u>Temple</u>, J.), issued following a two-day bench trial, entering judgment in favor of the plaintiffs, Kerry Brady and Carolyn Kirwan, in their action against the defendants for negligence, breach of warranty, and breach of contract relative to certain construction work performed on the plaintiffs' home. The defendants challenge: (1) the award of $14,000 for the costs associated with connecting the plaintiffs' home to the municipal sewer system on grounds that those costs were necessitated by the defendants' negligence in damaging the existing septic system, and thus, that the claim was one for negligence resulting in property damage, and (2) the award of $9,700 for the costs associated with replacing a defective window well retaining wall constructed by the defendants. We affirm.

The defendants first argue that the trial court erred by awarding damages for the negligence claim relative to the sewer connection because the plaintiffs had failed to adequately plead this claim. Based upon the record before us, however, the defendants have not only failed to demonstrate that they adequately raised this issue before the trial court, but they also failed to raise it in their notice of appeal. Accordingly, this issue is not preserved for our review. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 48-49 (2003) (holding that we will not review any issue that was not raised before the trial court and that an argument that is not raised in a party's notice of appeal is not preserved for appellate review).

The defendants next argue that the trial court erred by relying upon the "Dig Safe" statute, <u>see</u> RSA 374:51, :55 (Supp. 2023), to establish a breach of a duty of care under an unpled negligence <u>per</u> <u>se</u> theory. We disagree. <u>See</u> <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008) (explaining that the interpretation of a court order presents a question of law for this court). Here, based upon our review of the trial court's order, we conclude that the trial court did not rely upon the "Dig Safe" statute to establish a breach of a duty of care under a negligence <u>per</u> <u>se</u> theory. Rather, the court found that the defendants negligently damaged the plaintiffs' existing septic system when they excavated a

hole for a new bulkhead without knowing where the system was located, without taking any steps to ascertain its location, and when the hole promptly began filling with sewage that threatened to flow into the newly-remodeled basement. The court noted that defendant Ducharme — whom the court expressly found not to be credible — testified that the septic system was not located anywhere near the bulkhead. The court emphasized, however, that, to the contrary, the evidence demonstrated that the system — which had been functioning normally prior to the excavation — was actually a mere five feet away. The court also noted that Ducharme later acknowledged that he did not know where the system was located, and took no steps, such as notifying "Dig Safe," to ascertain its location before excavating.

These findings are supported by evidence in the record. Accordingly, although the defendants argue otherwise, we conclude that the evidence was sufficient for the trial court to have reasonably found that the defendants breached their duty to exercise ordinary care under the circumstances. See Carignan v. N.H. Int'l Speedway, 151 N.H. 409, 414 (2004) (observing that whether a defendant breached a duty of care is a question for the trier of fact); McCabe v. Arcidy, 138 N.H. 20, 24 (1993) (observing that we defer to the trial court's judgment, as the trier of fact, on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight assigned to testimony).

Lastly, the defendants argue that the trial court erred by awarding the plaintiffs $9,700 for the costs associated with replacing a defective window well retaining wall constructed by the defendants. The crux of the defendants' argument is that the plaintiffs failed to adduce evidence that $9,700 was a fair and reasonable cost to repair or replace the wall, and that, since "no such evidence was introduced, it was error for the [c]ourt to award the plaintiffs [$9,700] for the replacement of the retaining wall." We disagree. Here, evidence in the record demonstrates that $9,700 was the actual cost incurred by the plaintiffs to replace the "structurally deficient" retaining wall constructed by the defendants. Additionally, the plaintiffs elicited expert testimony at trial that the "ideal" solution would have cost approximately $15,000, and that the other lower estimates emphasized by the defendants represented what the expert described as less-than-ideal or temporary repairs. Moreover, the expert also produced a report, introduced into evidence, which the defendants have failed to provide to this court for our review. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (holding that "[i]t is the burden of the appealing party . . . to provide this court with a record sufficient to decide [the] issues on appeal"). Thus, "we must assume that the evidence was sufficient to support the result reached by the trial

2

court." Id.  Accordingly, we conclude that the trial court did not err by awarding the plaintiffs $9,700 for the costs associated with replacing the defective retaining wall.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**
