# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0185, <u>M.B. v. P.G.</u>, the court on August 21, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, M.B., appeals an order of the Circuit Court (<u>McIntyre</u>, J.), following an evidentiary hearing on the plaintiff's civil stalking petition against the defendant, P.G., finding that the plaintiff has not been stalked, and dismissing the petition. The plaintiff argues that the evidence compelled a finding that the defendant stalked her. We affirm.

It was the plaintiff's burden to prove, by a preponderance of the evidence, that the defendant "stalked" her as that term is defined by the statute. <u>See</u> RSA 633:3-a, I, II, III-a (Supp. 2023). We view the evidence in the light most favorable to the prevailing party, here the defendant, and defer to the trial court's judgment in evaluating the credibility of the witnesses and the weight of the evidence presented. <u>S.C. v. G.C.</u>, 175 N.H. 158, 162-63 (2022). The trial court may accept or reject, in whole or in part, whatever evidence was presented; our standard of review is not whether we would have ruled differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). Based on all the evidence introduced in this case, we conclude that the trial court reasonably determined that the defendant did not stalk the plaintiff.

Any remaining arguments in the plaintiff's brief are insufficiently developed to warrant further review. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003). In light of this order, the motion to strike the plaintiff's brief is moot.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**