**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0755, <u>Barrington Oaks Cooperative, Inc.
v. Frank Blackington</u>, the court on March 26, 2025, issued the
following order:**

The court has reviewed the written arguments and the record submitted
on appeal, has considered the oral arguments of the parties, and has
determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The
defendant, Frank Blackington, appeals an order of the Circuit Court (<u>Cross</u>, J.)
granting the plaintiff, Barrington Oaks Cooperative, Inc. (Barrington Oaks), a
writ of possession. We affirm.

I. <u>Background</u>

The record supports the following facts. Barrington Oaks is a
manufactured housing park. <u>See</u> RSA 205-A:1 (2019). The defendant is the
son of the owner of the manufactured housing that is the subject of this
eviction proceeding. His father, who died in 2022, was also named Frank
Blackington.

On August 31, 2023, the plaintiff served an eviction notice and a demand
for rent addressed to "Frank Blackington & all other unknown occupants" at
the abode. The notice invoked both RSA chapter 205-A and RSA chapter 540.
The basis for the eviction was the failure to pay rent. Both documents stated
that the cited individuals had failed to pay rent for the period of July 1, 2023
through August 31, 2023. The demand for rent sought $855.00. The eviction
notice requested that the defendant vacate the property by October 1, 2023. It
also stated:

> YOU HAVE THE RIGHT TO AVOID EVICTION FOR FAILURE TO
> PAY RENT IF YOU ACT QUICKLY. To avoid eviction, you must pay
> the Owner (Barrington Oaks Cooperative, Inc.) the following
> amounts before your hearing in court.
>
> - All lot rent due or past due as of the day you make your
>   payment;
> - $15 in liquidated damages;
> - Any other lawful charge(s) under your Occupancy Agreement
>   that you owe the Landlord; and

- If you pay after an eviction case (Landlord and Tenant Writ) is filed in court, you must also pay the filing fee ($125) and any service costs, which are listed on the sheriff's return of service.

On November 15, 2023, the plaintiff served "Frank Blackington and all other occupants" with a landlord and tenant writ seeking possession of the premises. The trial court held a hearing on November 29, 2023. At the hearing, the plaintiff established that the amount of rent owed was $855.00 for July and August 2023 and that the rent had not been paid for the amount and the dates shown by the demand for rent in the eviction notice. The trial court found that the defendant in this case was a tenant during the relevant period. That finding has not been appealed.

After the plaintiff completed presentation of its case by offers of proof, the defendant testified and asserted that he had offered to pay the plaintiff $1,000 multiple times before the hearing but the plaintiff had refused to accept his offers. The trial court issued a writ of possession to the plaintiff finding that the defendant had "failed to pay the required rent." This appeal followed.

II. Analysis

On appeal, the defendant argues that: (1) the trial court erred by "failing to properly consider [the defendant's] multiple attempts to pay the arrearage in full"; (2) RSA 540:9 requires dismissal of an eviction action when "the tenant tenders the necessary payment"; (3) the trial court violated the defendant's due process rights under the New Hampshire and United States Constitutions; and (4) the trial court erred by providing the defendant with an inadequate explanation of the trial process.

We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. Sherryland v. Snuffer, 150 N.H. 262, 265 (2003). Legal conclusions, as well as the application of law to fact, are reviewed independently for plain error. Id. Accordingly, our inquiry is to determine whether the evidence presented to the trial court reasonably supports its findings, and then whether the court's decision is consonant with applicable law. Id. Finally, we review questions of law de novo. Id.

We first address the defendant's argument that the trial court failed to consider his offers to "pay the arrearage in full, as allowed under RSA 540:9." Resolving the defendant's argument requires that we engage in statutory interpretation. We review the trial court's statutory interpretation de novo. St. Onge v. Oberten, LLC, 174 N.H. 393, 395 (2021). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We give effect to every word of a statute

whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also construe all parts of a statute together to effectuate its overall purpose. Id. However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id.

RSA 540:9, I(a) (Supp. 2024) provides, in relevant part, that "[a]ny possessory action based solely on nonpayment of rent shall be dismissed if":

> The tenant, at any time prior to the hearing on the merits, pays to the landlord, in cash, certified check, prepaid money order, electronic transfer, or other guaranteed or immediately drawable funds, including any form of payment specified in 540:9-a, I, all rent due and owing through the time of such payment plus other lawful charges contained in the lease, $15 liquidated damages, and any filing fee and service charges incurred by the landlord in connection with the possessory action . . . .

The statute's plain terms allow a tenant to avoid eviction if the tenant pays, among other things, all rent due and owing through the time of payment. When the defendant received the eviction notice, he owed the plaintiff $855 for rent due in July and August 2023. The defendant testified that prior to the hearing, he offered to pay the plaintiff $1,000.

The statute requires that the defendant pay the plaintiff, not merely offer or tender payment. Id. The Oxford English Dictionary defines "pay" as "[t]o give, transfer, or hand over (money, or its equivalent) in return for goods or services, or in discharge of an obligation; to deliver (a sum or amount owed)." Oxford English Dictionary, https://www.oed.com/dictionary/pay_v1?tab=meaning_and_use#31294380 (last visited March 20, 2025). To "pay" means that the defendant must have given Barrington Oaks the money required to cure. Thus, the defendant's offers to pay the plaintiff were insufficient as a matter of law. Accordingly, the trial court did not err in finding that the defendant did not cure under RSA 540:9.

The defendant next argues that "[t]he tender by the tenant of payment to the landlord . . . has the same legal effect as payment thereof to the landlord." RSA 540:9 does not contain the word "tender." Rather, a tenant must "pay[] to the landlord" "all rent due and owing" through the time of such payment. RSA 540:9, I(a). Under the plain language of the statute, a tender of payment is insufficient for a tenant to cure under RSA 540:9.[1]

---

[1] We agree with the special concurrence with respect to the interpretation of RSA chapter 205-A, and the court will address the merits of the issue should it be raised in an appropriate case.

3

The remaining arguments raised by the defendant are either not preserved, see State v. Blackmer, 149 N.H. 47, 49 (2003), or without merit, and do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; MACDONALD, C.J., specially concurred.

**Timothy A. Gudas,**
**Clerk**


MACDONALD, C.J., specially concurring.

I agree with the majority's conclusion on the merits: the defendant's offers to pay the plaintiff $1,000 prior to the hearing on the possessory action were insufficient to cure under RSA 540:9, I(a) (Supp. 2024) as a matter of law. I write separately to highlight the disharmony between the cure provisions set forth in the statute governing the termination of tenancies in manufactured housing parks, RSA chapter 205-A, and the statute governing landlord-tenant cases, RSA chapter 540.

In relevant part, RSA 205-A:4 provides that a basis for termination of a tenancy in a manufactured housing park includes "[n]onpayment of rent" except that "no action for possession shall be maintained if prior to the expiration of an eviction notice the tenant shall pay or tender all arrearages due plus $15 as liquidated damages." RSA 205-A:4, I (2019).

As noted above, the plaintiff relies on RSA 540:9 (2019), which governs payment after an eviction notice in landlord-tenant cases. As amended in 2021, RSA 540:9, I(a) states, in relevant part, that "[a]ny possessory action based solely on nonpayment of rent shall be dismissed" if, prior to the hearing on the merits, a tenant pays to the landlord "all rent due and owing through the time of such payment plus other lawful charges contained in the lease, $15 liquidated damages, and any filing fee and service charges incurred by the landlord in connection with the possessory action . . . ."

RSA 205-A:9 provides that "RSA 540 shall apply to tenancies in manufactured housing parks except where such application would produce a result inconsistent with or contrary to the provisions of this chapter." The application of RSA 540:9, I(a) would produce a result arguably "inconsistent with or contrary to" RSA 205-A:4, I, in at least two respects. First, the latter statute provides for cure by either payment or tender of all arrearages due plus

4

$15 liquidated damages.  Second, the period to cure is different: RSA 205-A:4, I, presents a cure "prior to the expiration of" the eviction notice; RSA 540:9, allows a cure "at any time prior to the hearing on the merits."  I note that the tenant in a landlord-tenant case may have to pay more than the manufactured housing tenant to cure in many cases.

Neither party before us raised this issue.  I highlight it because it may warrant consideration in an appropriate case.