# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0587, <u>In the Matter of Elizabeth Reid and Bradley Reid; In re Guardianship of C.R.</u>, the court on September 29, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(3).  The respondent, Bradley C. Reid (husband), appeals a final decree of the Circuit Court (<u>Carroll</u>, R., approved by <u>Boyle</u>, J.), issued following a hearing, in his divorce from the petitioner, Elizabeth Reid (wife).  He challenges the trial court's equitable division of the marital estate, as well as its child support award.  <u>See</u> RSA 458:16-a (Supp. 2024); RSA 458-C (2018 & Supp. 2024).  We affirm.

We first address the husband's argument that the trial court erred in its equitable division of the marital estate.  Specifically, he contends that the court unsustainably exercised its discretion in failing to set forth specific findings and analysis justifying its decision to award most of the marital property to the wife.  We disagree.

The trial court is afforded broad discretion in determining matters of property distribution when fashioning a final divorce decree.  <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 34 (2002).  We will not overturn a trial court's decision on these matters absent an unsustainable exercise of discretion or an error of law.  <u>Id</u>.; <u>In the Matter of Costa & Costa</u>, 156 N.H. 323, 326 (2007).  "In a divorce proceeding, marital property is not to be divided by some mechanical formula but in a manner deemed 'just' based upon the evidence presented and the equities of the case."  <u>Letendre</u>, 149 N.H. at 35.  Under RSA 458:16–a, II, an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute.  <u>Id</u>.  The court need not consider all of the statutory factors or give them equal weight; however, the court must specify written reasons for the division of property which it orders.  <u>Costa</u>, 156 N.H. at 327; RSA 458:16–a, II, IV.

Here, contrary to the husband's argument, the trial court expressly considered several of the statutory factors and set forth a detailed analysis in support of its decision to award a larger share of the marital property to the wife.  For example, among other things, the court found, and the record amply supports its findings, that the wife contributed "significantly and disproportionately" more to the marriage than did the husband — including the

acquisition and upkeep of the marital home and finances, as well as the support and upbringing of the children. See RSA 458:16-a, II(f), (g). Moreover, the wife agreed to assume the marital debt. Accordingly, we conclude that the trial court made sufficient findings, supported by the record, to justify an unequal distribution of the marital estate in favor of the wife. See Letendre, 149 N.H. at 34-35; Costa, 156 N.H. at 326-27.

Next, we address the husband's argument that the trial court erred in its child support award. Specifically, he contends that the court unsustainably exercised its discretion in: (1) imputing income to him based on a finding that he is voluntarily unemployed; (2) awarding, in two different proceedings, different amounts of child support for his two children residing with the wife; and (3) calculating the amount of his child support arrearage. We disagree.

"Because trial courts are in the best position to determine the parties' respective needs and their respective abilities to meet them, we will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law." In the Matter of Muller & Muller, 164 N.H. 512, 520-21 (2013) (citation omitted). "In calculating gross income for child support purposes, a trial court has the discretion to consider 'the difference between the amount a parent is earning and the amount a parent has earned in cases where the parent voluntarily becomes unemployed or underemployed, unless the parent is physically or mentally incapacitated.'" Id. at 521 (quoting RSA 458-C:2, IV(a)). "Whether a party is voluntarily unemployed is a question for the fact finder, whose decision will not be disturbed on appeal if supported by evidence in the record." Id.

With respect to the trial court's decision to impute income to the husband, we conclude, based upon our review of the record, that the evidence supports both the trial court's determination that the husband is voluntarily unemployed, and its determination as to the amount that he is capable of earning. See id.; In the Matter of Bazemore & Jack, 153 N.H. 351, 353-56 (2006). Although the husband appears to suggest that he may be physically or mentally incapacitated, we note that "[i]t is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented," and "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." Cook v. Sullivan, 149 N.H. 774, 780 (2003).

With respect to the husband's argument that the trial court erred by awarding, in two different proceedings, different amounts of child support for his two children residing with the wife, we decline to address this argument because the husband has failed to demonstrate that he first raised it before the trial court. Accordingly, it is not preserved for our review. See State v.

2

<u>Blackmer</u>, 149 N.H. 47, 48 (2003) (observing that we will not review any issue that was not first raised before the trial court).

Lastly, we also decline to address the husband's argument that the trial court erred in calculating the amount of his child support arrearage, because he has failed to provide us with a record sufficient to decide the issue. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (observing that it is the burden of the appealing party to provide this court with a record sufficient to decide the issues raised on appeal). Here, the record demonstrates that the trial court had before it a number of documents relevant to determining the amount of the arrearage, including financial and payment documents, and, most notably, the trial court's temporary support order. Thus, given the husband's failure to provide these documents on appeal, we must assume that they support the result reached by the trial court. <u>See</u> <u>id</u>.

Accordingly, based upon our review of the record provided on appeal, we cannot conclude that the trial court unsustainably exercised its discretion in its child support award. <u>See</u> <u>Muller</u>, 164 N.H. at 520-21.

Any fact stated in the petitioner's brief that is not included in the trial court's narrative order, or otherwise supported by the record, has not been considered. Therefore, the respondent's motion to strike petitioner's brief is denied as moot.

<u>Affirmed</u>.

MacDonald, C.J., and Donovan, Countway, and Gould, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**